Arminda **TORRES** and Richard
Torres, Appellants,

v.

**MEMORIAL HERMANN HOSPITAL
SYSTEM d/b/a Memorial Hermann
Southwest Hospital, Appellee.**

No. 01–04–00550–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 2005.

Joe Maida, Houston, TX, for Appellants.

Melanie Ann Rubinsky, Frank A. Doyle, Johnson, Spalding, Doyle, West & Trent, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellants, Arminda and Richard Torres, appeal an order dismissing their suit against appellee, Memorial Hermann Hospital System d/b/a Memorial Hermann Southwest Hospital (the Hospital). In one issue, appellants argue that the trial court erred in dismissing their suit with prejudice because they did not file an expert report pursuant to section 13.01(e) of the Medical Liability and Insurance Improvement Act (MLIIA). *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.001–.507 (Vernon Supp.2004–2005)). We affirm.

## Background

In March 2002, Arminda underwent knee replacement surgery at the Hospital. Three days after the surgery, Arminda was transferred to the rehabilitation unit at the Hospital. Shortly after the transfer, she was feeling weak and could not walk without assistance. She purportedly asked the nurses on her floor for a bedpan. The nurses allegedly told her that because there were neither bedpans nor bedside commodes on the rehabilitation floor, she would have to walk to the restroom. Arminda stated that she then asked for assistance from the nurses, but a nurse never came to help. At some point, Arminda's daughter attempted to help her to the restroom. Arminda fell and fractured her femur bone on the same leg that had undergone surgery.

Appellants filed their original petition on April 16, 2003 and an amended petition on September 30, 2003.[1] They argued that because Arminda was a patient at the Hospital, the Hospital "owed a duty to [Arminda] to supply the required equipment and instrumentalities for the care of its patients, including furnishing a bedpan and other similar devices and furnishing adequate care to assist her in her rehabilitation period." Appellants contend that the Hospital breached its duty to Arminda and that the breach was the proximate cause of their injuries and damages.

The Hospital filed a motion to dismiss on January 16, 2004. It contended that appellants' suit was a healthcare liability claim that alleged the Hospital was negligent in rendering care, and thus it was subject to the mandatory requirements of the MLIIA.[2] The Hospital argued that appellants failed to file the required expert report within 180 days of filing suit,[3] and that, therefore, the trial court must dismiss appellants' suit.[4]

Appellants filed an objection to the Hospital's motion to dismiss. In their objection, appellants acknowledged they had not filed an expert report.[5] However, they contended that because their cause of action was for ordinary negligence, and not a health care liability claim, an expert report was not required.[6] Appellants argued that the applicable standard of care was ordinary care, which a jury was capable of understanding without expert testimony.

The trial court signed the order granting the Hospital's motion to dismiss on February 17, 2004. This appeal followed.

## Standard of Review

We review MLIIA section 13.01 rulings for an abuse of discretion. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003) (construing section 13.01(g)); *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (construing section 13.01($l$) and (r)(6)); *Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001) (construing section 13.01(e)). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to any guiding rules or principles when it dismissed appellants' case with prejudice. *See Walker*, 111 S.W.3d at 62; *Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 220 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). We will not reverse the trial court's discretionary ruling simply because we might have decided the issue differently. *See Walker*, 111 S.W.3d at 62; *Strom*, 110 S.W.3d at 220. When reviewing a matter committed to the trial court's discretion, we may not substitute our own judgment for the judgment of the trial court. *Walker*, 111 S.W.3d at 62. However, to the extent the resolution of this issue requires interpretation of the statute itself, we review under a de novo standard. *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex.App.-El Paso 2001, pet. denied) (citing *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989)).

---

1. The record does not contain a first amended petition.

2. *See* Act of April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847.

3. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003).

4. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995 Tex. Gen. Laws 985, 986 (repealed 2003).

5. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003).

6. *See id.*

## Discussion

■ In one issue, appellants contend that because their cause of action lies in common law negligence and not medical malpractice, the trial court erred in granting the Hospital's motion to dismiss. Appellants assert the same arguments on appeal that they made to the trial court in their objection to the Hospital's motion to dismiss, namely, that, because their cause of action is based upon the Hospital's failure to provide Arminda "with adequate facilities and assistance in using the restroom," their suit is for ordinary negligence and is not a health care liability suit subject to the provisions of the MLIIA.

### *MLIIA Provisions*

■ The MLIIA and its restrictions apply to "health care liability claim[s]," which include "a cause of action against a health care provider ... for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract."[7] A "health care provider" is "any person ... duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital ... or agent ... acting in the course and scope of his employment."[8] "Health care" is defined by the MLIIA as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement."[9] Thus, a health care liability claim is based on a breach of a standard of care applicable to health care providers. *Bush v. Green Oaks Operator, Inc.*, 39 S.W.3d 669, 672 (Tex.App.-Dallas 2001, no pet.).

The MLIIA requires that a qualified physician or health care expert testify regarding the applicable standard of care, the breach of that standard, and causation of the plaintiff's damages.[10] The MLIIA also requires that the plaintiff file an expert report.[11] Section 13.01(d) of the MLIIA provides:

> Not later than the later of the 180th day after the date ·on which a health care liability claim is filed or the last day of any extended period ... the claimant shall, for each physician or health care provider against whom a claim is asserted:
>
> (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or
>
> (2) voluntarily nonsuit the action against the physician or health care provider.

*Id.* If the plaintiff fails to file an expert report and fails to voluntarily nonsuit the case, the MLIIA requires the court to

---

7. *See* Act of April 19, 1977, 65th Leg., R.S., ch. 817, Part 1, § 1.03(a)(4), 1977 Tex. Gen. Laws 2039, 204,1 *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847 (repealed 2003).

8. Act of April 19, 1977, 65th Leg., R.S., ch. 817, Part 1, § 1.03(a)(3), 1977 Tex. Gen. Laws 2039, 2041 (repealed 2003); *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004) (quoting same).

9. Act of April 19, 1977, 65th Leg., R.S., ch. 817, Part 1, § 1.03(a)(2), 1977 Tex. Gen. Laws 2039, 2041 (repealed 2003).

10. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, § 2. sec. 14.01(d). 1995 Gen. Laws 985, 985–87, 988 (repealed 2003); *see Ocomen v. Rubio*, 24 S.W.3d 461, 466 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

11. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Gen. Laws 985, 986 (repealed 2003).

dismiss the suit with prejudice.[12] Section 13.01(e) provides:

> If a claimant has failed, for any defendant physician or health care provider, to comply with subsection (d) ... within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
> (1) the reasonable attorney's fees and costs of court incurred by that defendant;
>
> (2) the forfeiture of any cost bond respecting the claimant's claim against the defendant to the extent necessary to pay the award; and
>
> (3) the dismissal of the action of the claimant against the defendant with prejudice to the claim's refilling.

*Id.*

### Applicability of the MLIIA

When the essence of the suit is a health care liability claim, a plaintiff cannot artfully plead to avoid the MLIIA's requirements. *Garland Cmty. Hosp.*, 156 S.W.3d at 543 (citing *MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40 (Tex. 1998)). Instead, the determination of whether a cause of action is a health care liability claim depends on the underlying nature of the plaintiff's claims. *Id.* at 543–44. If the cause of action is based on a health care facility's breach of the standard of medical care, then the claim is a health care liability claim, no matter how it is labeled.[13] *See MacGregor Med. Ass'n,*

985 S.W.2d at 40–41; *Gormley v. Stover,* 907 S.W.2d 448, 450 (Tex.1995). If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services, then the claim is a health care liability claim. *Garland Cmty. Hosp.*, 156 S.W.3d at 544 (citing *Walden v. Jeffery,* 907 S.W.2d 446, 448 (Tex.1995)). A consideration in that determination is whether proving the claim would require the specialized knowledge of a medical expert. *Id.*

Appellants contend that "the simple act of assisting [a]ppellant to the restroom or furnishing her a bedpan is something that could have been done by anyone." Appellants argue that the simple act "would not have required any expertise on the nurse's part that would require expert testimony in the medical or health care field." Therefore, appellants contend that their suit is for common law negligence and is not subject to the MLIIA. However, appellants make no effort to explain the inconsistency between their contention that a health care provider was not required to help Arminda to the restroom and their contention that the Hospital breached its duty of care to Arminda by not providing a trained health care provider to assist her to the bathroom, causing her to fall and be injured.

Appellants cite no authority, and we find none, that supports the contention that post-operative inpatient care gives rise to a duty of ordinary care. The cases appellants cite as authority involve the use of mechanical or medical instruments,[14] pa-

---

12. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995 Gen. Laws 985, 986 (repealed 2003).

13. We note that appellants' original and amended petitions state that "notice of [appellants'] claim was given in compliance with Article 4590-I" of the MLIIA. On their face, the pleadings indicate that appellants themselves believed that their claim fell within the ambit of the MLIIA.

14. *See Rehabilitative Care Sys. Of Am. v. Davis*, 43 S.W.3d 649 (Tex.App.-Texarkana 2001), *pet. denied, disapproved,* 73 S.W.3d 233, 234 (Tex.2002) (per curiam) (disapproving court of appeals' statement that expert testimony is not needed to establish appropri-

tients assaulting other patients,[15] and patients wandering out of a nursing hospital.[16] None of these cases deal with post-operative inpatient care; therefore, they are not analogous to appellants' suit.

The underlying nature of appellants' allegations is that the Hospital and the nurses did not provide Arminda with proper treatment and facilities during her postoperative inpatient rehabilitation. Appellants brought suit against the Hospital. The Hospital and the nurses who provided Arminda's care are health care providers.[17] Section 1.03(a)(3) of the MLIIA states a "health care provider" is "any person … duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital … or agent … acting in the course and scope of his employment."[18] Indeed, the Nursing Prac-

tice Act's[19] definition of "professional nursing" specifically includes caring for and assisting patients during rehabilitation.[20] The nurses and the Hospital were providing Arminda with health care because they were performing and furnishing treatment to Arminda while she was recovering as a patient at the Hospital.[21] We conclude that appellants' suit is a health care liability claim.[22] Thus, appellants' suit is subject to the provisions and requirements of the MLIIA.

Appellants filed suit on April 16, 2003. They had 180 days either to furnish an expert report with a curriculum vitae attached or to nonsuit the case.[23] They did neither. Thus, the trial court did not abuse its discretion by dismissing their suit with prejudice.[24]

We overrule appellants' sole issue.

ate standard of care when physical therapy patient alleges that his therapists' negligent supervision during a rehabilitative exercise program caused him injury).

15. See Zuniga v. Healthcare San Antonio, Inc., 94 S.W.3d 778, 781–83 (Tex.App.-San Antonio 2002, no pet.) (holding that failure to provide a safe environment does not fall within MLIIA; therefore, expert report was not required when patient was assaulted by another patient); Sisters of Charity of the Incarnate Word v. Gobert, 992 S.W.2d 25, 28 (Tex.App.-Houston [1st Dist.] 1997, no pet.) (holding that hospital's failure to protect patient from being assaulted by another patient is common law negligence and is not subject to MLIIA).

16. See Golden Villa Nursing Home, Inc., v. Smith, 674 S.W.2d 343, 348–49 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding that nursing home owed a duty of reasonable care to patient who was known for wandering).

17. See 65th Leg., R.S., ch. 817, Part 1, § 1.03(a)(3), 1977 Tex. Gen. Laws 2039, 2041 (repealed 2003).

18. Id.

19. Tex. Occ.Code Ann. § 301.001 (Vernon 2004).

20. Id. § 301.002(2)(A).

21. See 65th Leg., R.S., ch. 817, Part 1, § 1.03(a)(2), 1977 Tex. Gen. Laws 2039, 2041 (repealed 2003).

22. See 65th Leg., R.S., ch. 817, Part 1, § 1.03(a)(4), 1977 Tex. Gen. Laws 2039, 2041 repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847 (repealed 2003).

23. See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003)

24. See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995 Tex. Gen. Laws 985, 986 (repealed 2003); Am. Transitional Care Ctrs. v. Palacios, 46 S.W.3d 873, 877 (Tex.2001).

**Conclusion**

We affirm the judgment of the trial court.