Opinion issued November 1, 2007














     



In The
Court of Appeals
For The
First District of Texas




NO. 01–07–00398–CV




MARY C. ACOSTA, Appellant

V.

HEMLATA CHHEDA, D.D.S., Appellee




On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2006-32072



 
MEMORANDUM OPINIONAppellant, Mary C. Acosta, appeals an order dismissing with prejudice her
health care liability suit against appellee, Hemlata Chheda, D.D.S. In her sole issue,
Acosta contends that the trial court erred by dismissing her suit for failure to timely
file an expert report pursuant to Texas Civil Practice and Remedies Code section
74.351.


 
          We affirm.
Background
          On May 28, 2004, Dr. Chheda performed dental services on Acosta. Acosta
alleges that, in attempting to remove a wisdom tooth, Dr. Chheda damaged Acosta’s
lingual nerve, which resulted in pain, loss of sense of taste, and a severe, permanent
speech impediment that affects Acosta’s ability to earn her living as a criminal trial
lawyer. 
          On May 11, 2005, Acosta sued Dr. Chheda for negligence. On September 1,
2005, Acosta filed a notice of non-suit as to all claims against Dr. Chheda. On May
22, 2006, Acosta re-filed her suit against Dr. Chheda and filed in the trial court the
expert report of Dr. J. Crystal Baxter.
          On April 4, 2007, Dr. Chheda moved to dismiss Acosta’s suit for failure to
timely serve the statutorily-required expert report and curriculum vitae on Dr.
Chheda. In her motion, Dr. Chheda argued that Texas Civil Practice and Remedies
Code section 74.351(a) requires a plaintiff in a health care liability suit to file an
expert report and curriculum vitae on the defendant within 120 days of filing the
claim and that, because Acosta filed her claim on May 11, 2005, and failed to serve
an expert report by September 8, 2005, the trial court was required to dismiss the
suit.


 
          In her response to the motion to dismiss, Acosta argued that, because she non-suited her claims on September 1, 2005, which was only 114 days after she filed her
suit, the running of the 120-day period was tolled, and she still had six days to file an
expert report when she re-filed her suit on May 22, 2006. Acosta contended that she
had until “May 27, 2006,” to serve her expert report. Acosta argued that because she
filed her expert report in the trial court on May 22, 2006, the day she re-filed her suit,
and she served Dr. Chheda’s attorney with a copy of the expert report via facsimile
and regular mail on May 19, 2006, her expert report was timely and dismissal was
improper.
          On April 16, 2007, after a hearing, the trial court granted Dr. Chheda’s motion
and dismissed Acosta’s suit with prejudice. This appeal followed.
Timeliness of Expert Report
          In her sole issue, Acosta contends that the trial court erred by dismissing her
suit with prejudice for failure to file an expert report “because the evidence
established that at the time of the non-suit on September 1, 2005 six (6) days
remained to serve the expert report(s) and the expert reports were served
contemporaneously with the filing of the second lawsuit making the service of the
reports timely.” 
A.      Standard of Review
          We review a trial court’s decision on a motion to dismiss a case for failure to
comply with section 74.351 for an abuse of discretion. Am. Transitional Care Ctrs.
of Tex., Inc., v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001) (applying abuse of
discretion standard in review of trial court’s decision to dismiss under predecessor
statute, section 13(e) of article 4590i); Torres v. Mem’l Hermann Hosp. Sys., 186
S.W.3d 43, 45 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A trial court abuses
its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules
or principles when it dismisses a claim. Torres, 186 S.W.3d at 45.
 
B.      Analysis 
          The version of Texas Civil Practice and Remedies Code section 74.351
applicable here provides as follows, in pertinent part:
(a) In a health care liability claim, a claimant shall, not later than the
120th day after the date the claim was filed, serve on each party or the
party’s attorney one or more expert reports, with a curriculum vitae of
each expert listed in the report for each physician or health care provider
against whom a liability claim is asserted. The date for serving the
report may be extended by written agreement of the affected parties. . . . 
 
(b) If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by Subsection (a),
the court, on the motion of the affected physician or health care
provider, shall, subject to Subsection (c), enter an order that: 
 
(1) awards to the affected physician or health care provider
reasonable attorney’s fees and costs of court incurred by the
physician or health care provider; and 
 
(2) dismisses the claim with respect to the physician or health
care provider, with prejudice to the refiling of the claim.


Hence, section 74.351(a) requires that a plaintiff “serve” an expert report and the
expert’s curriculum vitae “on each party or the party’s attorney” within 120 days after
“the date the claim [is] filed.” If a plaintiff fails to timely comply with subsection (a),
the trial court must, on the motion of the affected physician or health care provider,
dismiss the suit. 
          On appeal, Acosta contends that her original suit was filed May 11, 2005,
which would have made her expert report due, pursuant to section 74.351(a), 120
days later, on September 8, 2005. Acosta contends that, because she non-suited her
claims on September 1, 2005, which was only 114 days after she filed her suit, the
running of the 120-day period was tolled, and she still had six days to file an expert
report when she re-filed her suit on May 22, 2006.


 Acosta contends that she had
until “May 27, 2006” to serve her expert report. 
          Acosta first contends that her expert report was timely because she filed it in
the trial court contemporaneously with the re-filing of her petition on May 22, 2006. 
Applying section 74.351, the date that Acosta filed her expert report with the trial
court is of no moment. The statute expressly requires that she “serve” an expert
report and the expert’s curriculum vitae “on each party or the party’s attorney”
within the 120-day period.


 Hence, filing an expert report with the district clerk does
not satisfy “service” on a party under section 74.351(a). See Quint v. Alexander, 03-04-00819-CV, 2005 WL 2805576, at *2–3 (Tex. App.—Austin Oct. 28, 2005, pet.
denied).
          It is undisputed, and the record shows, that Acosta did not serve Dr. Chheda
directly with the expert report until June 22, 2006. Acosta contends that her expert
report was timely served on Dr. Chheda’s attorney on May 19, 2006—the day she
mailed her petition and expert report to the trial court. The record shows that Acosta
sent by facsimile, what she characterized in the record as, a “courtesy copy” of the
expert report to Dr. Chheda’s attorney on May 19, 2006. Texas Rule of Civil
Procedure 21a authorizes service upon a party by telephonic document transfer. See
Tex. R. Civ. P. 21a.


 However, as Dr. Chheda contends, no curriculum vitae appears
in the record as having been included in the facsimile transmission on May 19, 2006. 
The record shows that Baxter’s curriculum vitae was emailed to Dr. Chheda’s
attorney on June 28, 2006. However, emailing is not a method of service authorized
by Rule 21a. See Tex. R. Civ. P. 21a. 
          Section 74.351 specifically requires service of the expert’s curriculum vitae on
the party or the party’s attorney within the 120-day period.


 In her expert report,
Baxter states, “A true and correct copy of my curriculum vitae is attached and is
incorporated by reference.” However, it is undisputed that none was attached. 
          Dr. Chheda moved to dismiss Acosta’s claim for having failed to timely “serve 
an expert report and CV” as required by section 74.351. Acosta’s response to the
motion to dismiss does not mention a curriculum vitae or contend that one had been
provided in any form.
          As Dr. Chheda contends, even if we conclude that the 120-day period in
section 74.351(a) was tolled on day 114 by Acosta’s September 1, 2005 non-suit and
that Acosta retained 6 days to file her expert report when she filed her new suit on
May 22, 2006, we would still have to conclude that Acosta failed to comply with
section 74.351. Acosta urges that the new deadline would have expired on May 27,
2006. The record shows that Acosta did not serve a curriculum vitae on Dr. Chheda
or her attorney by that date. Hence, we do not reach the issue of whether the 120-day
period was actually tolled by Acosta’s non-suit because Acosta delayed beyond the
date that she urges should apply. 
          Because Acosta failed to timely serve a curriculum vitae on Dr. Chheda or her
attorney, Acosta failed to comply with section 74.351(a). Because Acosta failed to
timely meet section 74.351(a), the trial court was required, pursuant to section
74.351(b), to dismiss her claim with prejudice.


 We hold that the trial court did not
abuse its discretion in dismissing Acosta’s claim. 
          Accordingly, we overrule Acosta’s sole issue. 
Conclusion
          We affirm the trial court’s judgment. 


 

                                                             Laura Carter Higley
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.