Wilfredo AVILES, M.D.,
et al., Appellants,

v.

Albert AGUIRRE, et al., Appellees.

No. 13–06–00495–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 14, 2008.

I. Cecilia Garza, Ronald G. Hole, Hole &
Alvarez, L.L.P., McAllen, for appellants.

Francisco J. Rodriguez, Rodriguez &
Tovar, McAllen, for appellees.

Before Chief Justice VALDEZ and
Justices GARZA and VELA.

Memorandum Opinion by Chief Justice
VALDEZ.

Albert Aguirre and numerous other individuals, appellees, brought suit against Wilfredo Aviles, M.D., appellant, because Aviles employed a physician's assistant who was allegedly held out to be a medical doctor. The trial court dismissed appellees's suit pursuant to former Article 4590i, but did not award attorney's fees.[1] By a single issue, appellant argues that the

---

1. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01, 1995 Tex. Gen. Laws 985, 986 (former Tex.Rev.Civ. Stat. art. 4590i, § 13.01), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Article 4590i has been replaced by House Bill 4 (now Chapter 74 of the Texas Civil Practice and Remedies Code), which governs health care liability claims commenced on or after September 1, 2003.

trial court erred in failing to award him attorney's fees as a result of the dismissal. We affirm the trial court's judgment.

## I. BACKGROUND

On February 18, 1997, appellees intervened in a suit against Aviles for fraud and misrepresentation. The appellees alleged that Aviles falsely presented an employee to the public as a certified physician. Appellees did not provide an expert medical report because they believed the suit was not a health care liability claim. Aviles responded by arguing that appellees's claims were healthcare liability claims and governed by the Medical Improvement and Insurance Liability Act (the "Act"). He filed a motion to dismiss and a request for sanctions pursuant to former article 4590i, section 13.01(e). *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e) (repealed 2003).

Several hearings were held on Aviles's dismissal motion. The primary issue at the hearings was whether Aviles had incurred the attorney's fees that he sought as sanctions. The following discussion took place at the final hearing:

Aviles's Counsel: The fees, yes, correct, Your Honor they were paid by the insurance carrier on behalf of the doctor. But they were not paid by the doctor personally. That is correct.

The Court: And so the doctor—there is no—and there is—is the stipulation including the fact that the doctor did not have to reimburse the insurance company either?

Aviles's Counsel: That's correct, Your Honor. The doctor, as of—there is no evidence that the doctor suffered any personal loss of income as a result of the this lawsuit.

The Court: Either through attorney's fees, costs, or loss of income from his business, is that correct?

Aviles's Counsel: That's the stipulation, Your Honor.

The trial court found that the appellees's claims were healthcare liability claims and granted a dismissal with prejudice. But, based upon the stipulations, the trial court refused to award attorney's fees because Aviles "did not personally pay any of the attorney's fees in the defense of the claim." Aviles appeals from the trial court's refusal to award attorney's fees.

## II. DISCUSSION

By his single issue, Aviles argues that the trial court's failure to award attorney's fees is in direct contravention to the legislative intent of former article 4590i. He contends that the legislature mandated an expert report to prevent frivolous lawsuits from being filed and that the statutorily authorized award of attorney's fees deters frivolous suits. Essentially, Aviles' argument is that the legislature's disdain for frivolous lawsuits is so strong that it mandates a broad reading of that statute's sanctions' provisions.

### A. Standard of Review

We review a trial court's article 4590i, section 13.01 rulings under an abuse of discretion standard. *Walker v. Gutierrez*, 111 S.W.3d 56, 62–63 (Tex.2003) (construing section 13.01(g)); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001) (construing section 13.01(e)); *Torres v. Mem'l Hermann Hosp. Sys.*, 186 S.W.3d 43, 45 (Tex.App.-Houston [1st Dist.] 2005, no pet.). However, the instant case requires statutory interpretation. Therefore, the standard of review is *de novo*. *Torres*, 186 S.W.3d at 45; *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex.App.-El Paso 2001, pet. denied).

## B. Applicable Law

■ With few exceptions, a party cannot recover attorney's fees unless permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310 (Tex.2006). Section 13.01 requires the award of incurred attorney's fees when a plaintiff fails to file an expert medical report in a health care liability suit. TEX. REV.CIV. STAT. ANN. art. 4590i § 13.01(e) (repealed 2003). That section, in part, reads:

> If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court *shall,* on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
> (1) the reasonable attorney's fees and costs of court *incurred by* that defendant; ...

*Id.* (emphasis added).

At the heart of appellant's sole issue is his contention that the trial court failed to properly apply the statute in its refusal to award attorney's fees.

## C. Analysis

■ We begin our analysis with a close reading of the statute, particularly the phrase "incurred by," in light of the stipulations made by Aviles's counsel. "In construing a statute, 'our primary objective is to determine and give effect to the Legislature's intent.'" *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002) (quoting *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex. 2000)). We start with the statute's "plain and common meaning." *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002) (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999); *Albertson's Inc. v. Sinclair,* 984 S.W.2d 958, 960 (Tex.1999)).

■ If the statutory language is unambiguous, we will interpret the statute according to its plain meaning. *Id.* However, we will not give an undefined statutory term a meaning that is out of harmony or inconsistent with other provisions in the statute. *See Needham,* 82 S.W.3d at 318. We may consider other matters in ascertaining the Legislature's intent, including the objective of the law, the legislative history, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023(1), (3), (5) (Vernon 2005); *Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278, 280 (Tex.1994).

The statute at issue used the phrase "incurred by." The statute, however, does not define the phrase. But, Black's Law Dictionary defines "incur" as:

> To have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively. To become liable or subject to, to bring down upon oneself, as to incur debt, danger, displeasure and penalty, and to become through one's own action liable or subject to.

BLACK'S LAW DICTIONARY 768 (6th ed.1990). Thus, the unambiguous and plain meaning of the statute predicates the award of reasonable attorney's fees and costs upon a health care defendant having "liabilities cast upon" him.

In the instant case, Aviles's counsel stipulated that Aviles had not paid the attorney's fees and is not responsible to his insurance carrier for any fees it may have expended in defending him. There is no evidence in the record establishing that Aviles incurred any attorney's fees in defending the suit. On these facts, the trial court properly construed the statute in denying Aviles's request for attorney's

fees, because Aviles did not incur any fees or costs. We overrule appellant's sole issue.

## D. The Dissent's Rationale

The dissent's position is wrong because it (1) ignores the record, (2) makes policy rather than legal decisions, and (3) does not give proper deference to the Legislature's intent. First, the dissent accuses us of "back tracking" on our application of the Act because we do not reach the same result as in *Trevino v. Carrizales,* 13–05–556–CV, 2006 WL 2371350 (Tex.App.-Corpus Christi 2006, no pet.) (mem.op.). The dissent makes this accusation without detailing the facts of that case and without considering the facts in this case. *Treviño,* entirely reads:

> This appeal is taken from the trial court's order dismissing with prejudice certain health care liability claims for failure to comply with section 13.01(d) of former article 4590i. *See* former TEX. REV.CIV. STAT. art. 4590i, 13.01(d). [footnote omitted]. According to appellants, the trial court erred in denying their motion for reasonable attorney's fees and costs of court, which was supported by uncontroverted evidence. *See id.* § 13.01(e)(1). We agree. Although the trial court has discretion to set the amount of reasonable attorney's fees, *see Great Global Assurance Co. v. Keltex Properties,* 904 S.W.2d 771, 776 (Tex. App.-Corpus Christi 1995, no writ), the court may not, in circumstances such as these, completely deny a duly filed motion for attorneys fee's and costs of court, *see Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998); *Doades v. Syed,* 94 S.W.3d 664, 674 (Tex.App.-San Antonio 2002, no pet.). Accordingly, the order is reversed and the cause remanded for further proceedings consistent with this opinion.

*Id.* The stipulations made in the instant case were not at issue in *Treviño.* Hence, the reason for the differing decision. Unlike the dissent, we feel obligated to thoroughly review the record of every case before us and apply only those facts to the presented legal issues, rather than ignore facts that can be obstacles to a desired result.

Second, the dissent's rationale is coincidentally, exactly that of Aviles's counsel: that the Legislature's disdain for medical malpractice suits obligates the losing plaintiff to pay—regardless of the facts. We feel, out of a sense of judicial restraint, that policy decisions are best left to the Legislature.

Third, the dissent does not properly characterize the record and is in contravention of the statutory scheme of the Act. The record establishes that Aviles is not liable for whatever fees have been expended in defending the underlying suit. Yet the dissent summarily finds that attorney's fees were incurred-without specifying whether they were incurred by Aviles or his insurance carrier. *Aviles v. Aguirre,* No. 13–06–495–CV, 292 S.W.3d 697, at 702 (Tex.App.-Corpus Christi, 2008). Indeed, one of the dissent's own policy based rationales is that the Act allows "physicians to recoup some of their court costs from a successful defense." *Id.* Yet, the dissent cannot point to how the attorney's fees in question are "some of [Aviles's] court costs."

The statute clearly states that the attorney's fees and court costs must be "incurred by that defendant." Former TEX. REV.CIV. STAT. ANN. Art. 4590i, § 13.01(e) (repealed 2003). The statute also clearly states that the trial court may impose sanctions on "the claimant or the claimant's attorney." *Id.* Had the legislature wished to award reasonable attorney's fees to a defendant or a defendant's insurance

carrier, it could have done so just as easily as it chose to hold a claimant or a claimant's attorney responsible for the sanctions.[2] For the foregoing reasons, we cannot subscribe to the dissent's rationale.

### III. CONCLUSION

The trial court's judgment is affirmed.

Dissenting Memorandum Opinion by Justice VELA.

Dissenting Memorandum Opinion by Justice VELA.

I dissent from the majority's opinion for two reasons. First, the opinion conflicts with this Court's earlier opinion in *Trevino v. Carrizales,* No.13–05–556–CV, 2006 WL 2371350 (Tex.App.-Corpus Christi 2006, no pet.) (mem.op.), which correctly held that a trial court may not completely deny a duly filed motion for attorney's fees and costs brought pursuant to former article 4590i section13.01(e).[1] Second, the majority's opinion is contrary to the plain language and the purpose of the statute and will lead to absurd results not contemplated by the Legislature. In essence, the opinion deprives attorney's fees, mandated by section 13.01, to health care providers who procure professional liability insurance.

### I.

#### Background

On February 18, 1997, multiple plaintiffs (collectively, the "Aguirres") initiated suit against Wilfredo Aviles, individually and d/b/a Mid–Valley Pediatrics Association and/or Wilfredo Aviles M.D., P.A., William Mosier and Pro Script Pharmacy Services (collectively, "Aviles"). Dr. Aviles, through counsel, answered the lawsuit. The Aguirres did not file an expert report as required by former article 4590i section 13.01. Two years later, Aviles, again through counsel, filed a motion to dismiss and motion for sanctions as a result of the Aguirres' failure to file an expert report. At that time, the trial court requested briefing and took the matter under advisement.

After five years of waiting for a ruling, Aviles's attorney filed an amended motion for sanctions and dismissal on his behalf, which the trial court heard on August 10, 2004. Again, the trial court made no ruling. At Aviles's attorney's request, three additional hearings were held on May 23, 2004, October 6, 2005, and May 16, 2006. Finally, on June 29, 2006, the trial court signed an order dismissing the Aguirres' case for failure to file an expert report, but specifically denied Aviles's request for attorney's fees because Aviles did not "personally pay any of the attorney's fees in defense of this claim."

### II.

#### Legal Analysis

With few exceptions, a party cannot recover attorney's fees unless permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310 (Tex. 2006). Former article 4590i section 13.01 was a statute that not only permitted, but

---

**2.** Presumably the legislature was aware of the impact of medical malpractice insurance issues on health care liability claims because the legislative findings section of the Act references medical liability insurance seven times in eleven sections. Former Tex.Rev.Civ. Stat. Ann. Art. 4590i § 1.02(a)(1)-(11).

**1.** Article 4590i of the Texas Revised Civil Statutes, which contained section 13.01 of the former Medical Liability and Insurance Improvement Act, was repealed in 2003. *See* Act of April 19, 1977, 65th Leg., R.S., Ch. 817, 1977 Tex. Gen. Laws 2039, 2064, *repealed* by Act of May 16, 2003, 78th Leg., R.S., Ch. 204, § 10.09, 2003 Tex. Gen. Laws 847.

mandated, the award of attorney's fees. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01(e)(repealed 2003).[2]

It provided:

> If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, **the court shall, on the motion of the affected physician or health care provider,** enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
> (1) the reasonable attorney's fees and costs of court **incurred** by that defendant;

(emphasis added).

This clear and unambiguous language mandates an award of reasonable attorney's fees upon a plaintiff's failure to comply with former section 13.01(d) expert report requirements. If the requirements of the statute are not met the court must enter an order as sanctions both dismissing the case and granting defendant its costs and attorney's fees. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). Although the trial court has discretion to set the amount of reasonable attorney's fees, appellate courts, including this Court, have been clear that a trial court may not, in circumstances such as these, completely deny a duly filed motion for attorney's fees and costs of court. *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998); *Doades v. Syed,* 94 S.W.3d 664, 674 (Tex.App.-San Antonio 2002, no pet.); *see also Trevino v. Carrizales,* No. 13–05–556–CV, 2006 WL 2371350 at *1 (Tex.App.-Corpus Christi August 17, 2006, no pet.) (mem.op.). Even though this Court, in *Carrizales,* determined that the statute was mandatory, the majority now backtracks to hold the statute's mandatory award of attorney's fees as sanctions only applicable when a health care provider actually pays the attorney's fees out-of-pocket.

Here, there was no claim that the fees sought as sanctions were improperly proven or unreasonable. Yet, the majority holds that the plain meaning of the statute prefaces the award of attorney's fees upon a health care defendant having "liabilities cast upon him." Although the majority states that it is construing the statute to determine and give effect to the Legislature's intent, it is clearly not. Section 13.01 was enacted for two purposes: (1) to reduce health care costs by reducing the filing of frivolous medical malpractice actions and, (2) to allow physicians to recoup some of their court costs from a successful defense. *Wickware v. Sullivan,* 70 S.W.3d 214, 219 (Tex.App.-San Antonio 2001, no pet.); *Andress v. MacGregor Med. Ass'n, P.A,* 5 S.W.3d 855, 859–60 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Construing the statute to deprive insured health care providers of attorney's fees that they are entitled to as sanctions serves neither purpose.

Additionally, the majority seems to equate the term "incur" with the term

---

**2.** The language of the current statute also mandates attorney's fees when a claimant fails to comply with the initial requirements for filing an expert report. The import and significance of this court's opinion will not be limited to the former law. The language is, as follows:

> (b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on motion of the affected physician or health care provider, **shall,** subject to subsection (c), enter an order that:
>
> (1) awards the affected physician or health care provider reasonable attorney's fees **incurred by the physician or health care provider.**

Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2007).

"pay." Clearly, Dr. Aviles incurred attorney's fees, even though the fees were paid by the insurance company with whom he contracted. There is no doubt that the fees sought were for counsel's representation of Aviles. The majority's interpretation hones in narrowly on the word "incur," while ignoring the rest of the statute. Regardless, even under the majority's definition of "incur" Dr. Aviles was entitled to attorney's fees. Certainly, without the benefit of insurance, Dr. Aviles would be subject to or liable for his attorney's fees. The majority's holding makes no sense in view of both the plain language of the statute and its purposes.

I would reverse and remand the order with regard to the denial of attorney's fees.