NUMBER 13-06-00495-CV



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


WILFREDO AVILES, M. D., ET AL., Appellants,


v.


ALBERT AGUIRRE, ET AL., Appellees.

 


On appeal from the 370th District Court of Hidalgo County, Texas.

 

 

MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Chief Justice Valdez


 Albert Aguirre and numerous other individuals, appellees, brought suit against
Wilfredo Aviles, M.D., appellant, because Aviles employed a physician's assistant who was
allegedly held out to be a medical doctor. The trial court dismissed appellees's suit
pursuant to former Article 4590i, but did not award attorney's fees. (1) By a single issue,
appellant argues that the trial court erred in failing to award him attorney's fees as a result
of the dismissal. We affirm the trial court's judgment.

I. BACKGROUND

 On February 18, 1997, appellees intervened in a suit against Aviles for fraud and
misrepresentation. The appellees alleged that Aviles falsely presented an employee to the
public as a certified physician. Appellees did not provide an expert medical report because
they believed the suit was not a health care liability claim. Aviles responded by arguing
that appellees's claims were healthcare liability claims and governed by the Medical
Improvement and Insurance Liability Act (the "Act"). He filed a motion to dismiss and a
request for sanctions pursuant to former article 4590i, section 13.01(e). See Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(e) (repealed 2003). 

 Several hearings were held on Aviles's dismissal motion. The primary issue at the
hearings was whether Aviles had incurred the attorney's fees that he sought as sanctions. 
The following discussion took place at the final hearing:

Aviles's Counsel: The fees, yes, correct, Your Honor they were paid by
the insurance carrier on behalf of the doctor. But they
were not paid by the doctor personally. That is correct.


The Court: And so the doctor - there is no - and there is - is the
stipulation including the fact that the doctor did not have
to reimburse the insurance company either?


Aviles's Counsel: That's correct, Your Honor. The doctor, as of - there is
no evidence that the doctor suffered any personal loss
of income as a result of the this lawsuit.


The Court: Either through attorney's fees, costs, or loss of income
from his business, is that correct?


Aviles's Counsel: That's the stipulation, Your Honor.

 The trial court found that the appellees's claims were healthcare liability claims and
granted a dismissal with prejudice. But, based upon the stipulations, the trial court refused
to award attorney's fees because Aviles "did not personally pay any of the attorney's fees
in the defense of the claim." Aviles appeals from the trial court's refusal to award
attorney's fees. 

II. DISCUSSION

 By his single issue, Aviles argues that the trial court's failure to award attorney's fees
is in direct contravention to the legislative intent of former article 4590i. He contends that
the legislature mandated an expert report to prevent frivolous lawsuits from being filed and
that the statutorily authorized award of attorney's fees deters frivolous suits. Essentially,
Aviles' argument is that the legislature's disdain for frivolous lawsuits is so strong that it
mandates a broad reading of that statute's sanctions' provisions.

A. Standard of Review

 We review a trial court's article 4590i, section 13.01 rulings under an abuse of
discretion standard. Walker v. Gutierrez, 111 S.W.3d 56, 62-63 (Tex. 2003) (construing
section 13.01(g)); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877
(Tex. 2001) (construing section 13.01(e)); Torres v. Mem'l Hermann Hosp. Sys., 186
S.W.3d 43, 45 (Tex. App.-Houston [1st Dist.] 2005, no pet.). However, the instant case
requires statutory interpretation. Therefore, the standard of review is de novo. Torres, 186
S.W.3d at 45; Ponce v. El Paso Healthcare Sys., Ltd., 55 S.W.3d 34, 36 (Tex. App.-El
Paso 2001, pet. denied).

B. Applicable Law

 With few exceptions, a party cannot recover attorney's fees unless permitted by
statute or contract. Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310 (Tex. 2006). 
Section 13.01 requires the award of incurred attorney's fees when a plaintiff fails to file an
expert medical report in a health care liability suit. Tex. Rev. Civ. Stat. Ann. art. 4590i §
13.01(e) (repealed 2003). That section, in part, reads:

 If a claimant has failed, for any defendant physician or health care provider,
to comply with Subsection (d) of this section within the time required, the
court shall, on the motion of the affected physician or health care provider,
enter an order awarding as sanctions against the claimant or the claimant's
attorney:


 (1) the reasonable attorney's fees and costs of court incurred by
that defendant; . . . 


Id. (emphasis added). 

 At the heart of appellant's sole issue is his contention that the trial court failed to
properly apply the statute in its refusal to award attorney's fees.

C. Analysis 

 We begin our analysis with a close reading of the statute, particularly the phrase
"incurred by," in light of the stipulations made by Aviles's counsel. "In construing a statute,
'our primary objective is to determine and give effect to the Legislature's intent.'" Tex. Dep't
of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002) (quoting Nat'l Liab. & Fire Ins. Co.
v. Allen, 15 S.W.3d 525, 527 (Tex. 2000)). We start with the statute's "plain and common
meaning." State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d
322, 327 (Tex. 2000) (citing Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d
864, 865 (Tex. 1999); Albertons' Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex. 1999)).

 If the statutory language is unambiguous, we will interpret the statute according to
its plain meaning. Id. However, we will not give an undefined statutory term a meaning
that is out of harmony or inconsistent with other provisions in the statute. See Needham,
82 S.W.3d at 318. We may consider other matters in ascertaining the Legislature's intent,
including the objective of the law, the legislative history, and the consequences of a
particular construction. See Tex. Gov't Code Ann. § 311.023(1), (3), (5) (Vernon 2005);
Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex. 1994). 

 The statute at issue used the phrase "incurred by." The statute, however, does not
define the phrase. But, Black's Law Dictionary defines "incur" as:

To have liabilities cast upon one by act or operation of law, as distinguished
from contract, where the party acts affirmatively. To become liable or subject
to, to bring down upon oneself, as to incur debt, danger, displeasure and
penalty, and to become through one's own action liable or subject to.


Black's Law Dictionary 768 (6th ed. 1990). Thus, the unambiguous and plain meaning
of the statute predicates the award of reasonable attorney's fees and costs upon a health
care defendant having "liabilities cast upon" him. 

 In the instant case, Aviles's counsel stipulated that Aviles had not paid the attorney's
fees and is not responsible to his insurance carrier for any fees it may have expended in
defending him. There is no evidence in the record establishing that Aviles incurred any
attorney's fees in defending the suit. On these facts, the trial court properly construed the
statute in denying Aviles's request for attorney's fees, because Aviles did not incur any
fees or costs. We overrule appellant's sole issue.

D. The Dissent's Rationale

 The dissent's position is wrong because it (1) ignores the record, (2) makes policy
rather than legal decisions, and (3) does not give proper deference to the Legislature's
intent. First, the dissent accuses us of "back tracking" on our application of the Act
because we do not reach the same result as in Trevino v. Carrizales, 13-05-556-CV, 2006
WL 2371350 (Tex. App.-Corpus Christi 2006, no pet.) (mem. op.). The dissent makes this
accusation without detailing the facts of that case and without considering the facts in this
case. Treviño, entirely reads:

This appeal is taken from the trial court's order dismissing with prejudice
certain health care liability claims for failure to comply with section 13.01(d)
of former article 4590i. See former Tex. Rev. Civ. Stat. art. 4590i, 13.01(d). 
[footnote omitted]. According to appellants, the trial court erred in denying
their motion for reasonable attorney's fees and costs of court, which was
supported by uncontroverted evidence. See id. § 13.01(e)(1). We agree.
Although the trial court has discretion to set the amount of reasonable
attorney's fees, see Great Global Assurance Co. v. Keltex Properties, 904
S.W.2d 771, 776 (Tex. App.-Corpus Christi 1995, no writ), the court may
not, in circumstances such as these, completely deny a duly filed motion for
attorneys fee's and costs of court, see Bocquet v. Herring, 972 S.W.2d 19,
20 (Tex. 1998); Doades v. Syed, 94 S.W.3d 664, 674 (Tex. App.-San
Antonio 2002, no pet.). Accordingly, the order is reversed and the cause
remanded for further proceedings consistent with this opinion.


Id. The stipulations made in the instant case were not at issue in Treviño. Hence, the
reason for the differing decision. Unlike the dissent, we feel obligated to thoroughly review
the record of every case before us and apply only those facts to the presented legal issues,
rather than ignore facts that can be obstacles to a desired result.

 Second, the dissent's rationale is coincidentally, exactly that of Aviles's counsel: that
the Legislature's disdain for medical malpractice suits obligates the losing plaintiff to
pay--regardless of the facts. We feel, out of a sense of judicial restraint, that policy
decisions are best left to the Legislature.

 Third, the dissent does not properly characterize the record and is in contravention
of the statutory scheme of the Act. The record establishes that Aviles is not liable for
whatever fees have been expended in defending the underlying suit. Yet the dissent
summarily finds that attorney's fees were incurred--without specifying whether they were
incurred by Aviles or his insurance carrier. Aviles v. Aguirre, No. 13-06-495-CV, 2008 Tex.
App. LEXIS ________, at *___ (Tex. App.-Corpus Christi Feb. ___, 2007). Indeed, one
of the dissent's own policy based rationales is that the Act allows "physicians to recoup
some of their court costs from a successful defense." Id. Yet, the dissent cannot point to
how the attorney's fees in question are "some of [Aviles's] court costs." 

 The statute clearly states that the attorney's fees and court costs must be "incurred
by that defendant." Former Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 13.01(e) (repealed
2003). The statute also clearly states that the trial court may impose sanctions on "the
claimant or the claimant's attorney." Id. Had the legislature wished to award reasonable
attorney's fees to a defendant or a defendant's insurance carrier, it could have done so just
as easily as it chose to hold a claimant or a claimant's attorney responsible for the
sanctions. (2) For the foregoing reasons, we cannot subscribe to the dissent's rationale.

III. CONCLUSION

 The trial court's judgment is affirmed.



 _______________________

 ROGELIO VALDEZ,

 Chief Justice


Dissenting Memorandum Opinion by

Justice Vela.


Memorandum Opinion delivered and filed 

this the 14th day of February 2008.

 



 
1. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01, 1995 Tex. Gen. Laws 985, 986 (former Tex.
Rev. Civ. Stat. art. 4590i, § 13.01), repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003
Tex. Gen. Laws 847, 884. Article 4590i has been replaced by House Bill 4 (now Chapter 74 of the Texas Civil
Practice and Remedies Code), which governs health care liability claims commenced on or after September
1, 2003. 
2. Presumably the legislature was aware of the impact of medical malpractice insurance issues on
health care liability claims because the legislative findings section of the Act references medical liability
insurance seven times in eleven sections. Former Tex. Rev. Civ. Stat. Ann. Art. 4590i § 1.02(a)(1)-(11).