Opinion issued October 16, 2008














     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00998-CV




DONALD RUNCIE, INDIVIDUALLY AND AS HEIR AND
REPRESENTATIVE OF THE ESTATE OF DOROTHY RUNCIE,
DECEASED, Appellant

v.

RICHARD J. FOLEY, M.D., Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 0663371




O P I N I O N

          Appellant, Donald Runcie, appeals an order dismissing with prejudice his
health care liability suit against appellee, Richard J. Foley, M.D. In his sole issue,
appellant contends that the trial court erred by dismissing his suit for failure to timely
file an expert report, pursuant to Texas Civil Practice and Remedies Code section
74.351.


 
          We affirm.
Background
          In August 2004, the decedent, Dorothy Runcie, who suffered from renal
disease, sought dialysis treatment from Dr. Foley and Spring Dialysis, Inc. The
decedent was refused treatment and subsequently died. 
          On July 14, 2005, appellant filed suit, as heir and representative of the estate,
against Dr. Foley and Spring Dialysis, alleging medical negligence. Appellant did
not file an expert report at that time. On October 18, 2005, appellant filed a non-suit
of his claims without prejudice.
 
          A year later, on October 3, 2006, appellant re-filed his suit against Dr. Foley
and Spring Dialysis. Ninety-three days later, on January 4, 2007, appellant served Dr.
Foley with the expert report of Dr. Allen I. Arieff.
          On August 13, 2007, Dr. Foley moved to dismiss appellant’s health care
liability claim on the basis that appellant had failed to file an expert report within 120
days of filing his initial claim, as required by Civil Practice and Remedies Code
section 74.351,


 and citing Mokkala v. Mead, 178 S.W.3d 66 (Tex. App.—Houston
[14th Dist.] 2005, pet. denied). On October 12, 2007, after a hearing, the trial court
granted the motion to dismiss with prejudice. This appeal ensued.


 
Timeliness of Expert Report
          Appellant contends that the trial court erred by dismissing his health care
liability claim with prejudice for failure to timely file an expert report. Specifically,
appellant contends that by taking a non-suit of his claim prior to the expiration of the
120-day period for filing an expert report, that he was permitted, upon the re-filing
of his claim, to restart the 120-day period. Appellant contends that, therefore, his
expert report was timely because it was filed within 120 days of re-filing his claim.
 
A.      Standard of Review
          We review a trial court’s decision on a motion to dismiss a case for failure to
comply with section 74.351 for an abuse of discretion. Am. Transitional Care Ctrs.
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001) (applying abuse of
discretion standard in review of trial court’s decision to dismiss under predecessor
statute, section 13(e) of article 4590i); Torres v. Mem’l Hermann Hosp. Sys., 186
S.W.3d 43, 45 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A trial court abuses
its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules
or principles when it dismisses a claim. Torres, 186 S.W.3d at 45. However, if
resolution of the issue requires us to construe statutory language, we review under a
de novo standard. Id. 
          The ruling under review in this case concerns a purely legal issue: whether
section 74.351 allows a health-care-liability claimant to re-start the 120-day period
for filing an expert report by taking a non-suit and then re-filing his claim. We
review this question of law de novo. See Intracare Hosp. N. v. Campbell, 222 S.W.3d
790, 794–95 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
B.      Analysis
          At the time appellant’s cause of action accrued, Civil Practice and Remedies
Code section 74.351 provided, in relevant part, as follows:
(a)     In a health care liability claim, a claimant shall, not later than
the 120th day after the date the claim was filed, serve on each
party or the party’s attorney one or more expert reports, with a
curriculum vitae of each expert listed in the report for each
physician or health care provider against whom a liability claim
is asserted. The date for serving the report may be extended by
written agreement of the affected parties. . . .



(b)     If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by
Subsection (a), the court, on the motion of the affected
physician or health care provider, shall, subject to Subsection
(c), enter an order that: (1) awards to the affected physician or
health care provider reasonable attorney’s fees and costs of
court incurred by the physician or health care provider; and (2)
dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim.


 

 
Stated generally, section 74.351(a) requires a claimant to serve an expert report on
a defendant health care provider, or its attorney, within 120 days after the date the
claim is filed. If the claimant fails to timely comply, the trial court is required, on the
motion of the affected health care provider, to dismiss the suit. A claimant may
extend the 120–day period for serving an expert report by written agreement of the
affected parties.


  

          Statutes must be construed as written and the legislative intent determined,
when possible, from the express terms. Tex. Gov’t Code Ann. § 311.023 (Vernon
2005); Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez, 237 S.W.3d 869, 873
(Tex. App.—Houston [1st Dist.] 2007, pet. denied). The term “claim,” as used in
section 74.351, “means a health care liability claim.” Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(r)(2) (Vernon Supp. 2008). A “health care liability claim” is a “cause
of action,” not a lawsuit. Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13)
(Vernon 2005); Mokkala, 178 S.W.3d at 71. The legislative purpose is to remove
unwarranted delay and expense, to accelerate the disposition of non-meritorious
cases, and to give hard and fast deadlines for the serving of expert reports. Campbell,
222 S.W.3d at 797. 

          As applied, section 74.351(a) required appellant to serve an expert report on
Dr. Foley “within 120 days after the date the claim was filed.” If appellant failed to
timely comply, the trial court was required, on the motion of Dr. Foley, to dismiss the
suit. 

          The record shows that appellant filed his claim on July 14, 2005, alleging that
Dr. Foley breached the standard of care with regard to the treatment of the decedent
and that such breach was the proximate cause of the decedent’s death. The 120-day
period to serve the expert report was triggered on that date. Appellant non-suited his
claim 96 days later, on October 18, 2005. At the time of the non-suit, appellant had
not served Dr. Foley with an expert report. The 120-day period expired on November
11, 2005. 

          A year later, on October 3, 2006, appellant re-filed his claim, again alleging
that Dr. Foley breached the standard of care with regard to the treatment of the
decedent and that such breach was the proximate cause of the decedent’s death. 
Appellant then filed an expert report 93 days later, on January 4, 2007. Appellant
contends that the re-filing of his claim re-started the 120-day period to file his expert
report and that, because he filed an expert report within 120 days of the re-filing of
his claim, his report was timely served. 

          In Mokkala v. Mead, the court considered whether the claimants could re-start
the 120-day period for serving an expert report by simply non-suiting their claims and
refiling the same claims. 178 S.W.3d at 76. There, the claimants filed their original
claim in 2003 and then non-suited their claim without having filed an expert report. 
Id. at 68. When the claimants re-filed the same claim in 2004, they filed an expert
report. Id. The health care providers moved to dismiss the suit on the ground that the
expert report and expert’s curriculum vitae were untimely, having been served 121
and 122 days, respectively, after the filing of the original claim in 2003. Id. The
health care providers argued that the non-suit and re-filing of the claim in 2004 did
not have any effect on the 120-day period that was triggered by the 2003 claim. Id.
at 69–70. The claimants argued that, by non-suiting their 2003 claim, they were
returned to a position of having never filed the 2003 claim and that, essentially, all
periods began anew. Id. at 70. The trial court denied the motion to dismiss. Id. at
68.

          In reversing the trial court, the court examined the same version of the statute
applicable to this case. The court determined that a “health care liability claim” is a
“cause of action,” not a lawsuit, and concluded that “the 120-day period is triggered
on the date that the claimant files a petition alleging a particular health care liability
claim, not the date she files another lawsuit asserting that same claim.” Id. at 71. The
court noted that the legislature had removed provisions of the prior statute that
permitted a claimant to non-suit an action if the claimant failed to furnish an expert
report within the required time. Id. at 73 n.10. The court held that “refiling a
previously nonsuited health care liability claim fails to restart the 120-day period.” 
Id. at 73. The court reasoned that allowing a plaintiff to re-start the period for serving
an expert report by non-suiting his claim and then subsequently re-filing the same
claim effectively expands the expert report period well beyond 120 days, which is
inconsistent with the policies and goals of the statute. Id. at 76; see also Campbell,
222 S.W.3d at 797. We agree.

          Appellant contends that Mokkala is not dispositive in the instant case because,
there, the claimants non-suited their claims after the expiration of the 120-day period;
whereas, here, at the time appellant non-suited his claims, time remained in the 120-day period. Appellant stresses that the court acknowledged that it “need not decide
whether filing of a nonsuit before the expiration of the 120-day period would toll the
120 days for the period that elapses between the filing of the nonsuit and the refiling
of the same health care liability claim.” Id. at 68 n.3. We disagree that Mokkala is
distinguishable on this point.

          Nothing in Mokkala suggests that its holding is based on the premise that, had
the claimants non-suited their 2003 claim prior to the expiration of the 120-day
period, they would have been able to completely re-start the 120-day period. To the
contrary, the holding in Mokkala is that “refiling a previously non-suited health care
liability claim fails to restart the 120-day period.” Id. at 73. By footnote, the court
simply recognized that, because the claimants’ non-suit was filed after the expiration
of the 120-day period, it need not consider whether a non-suit taken during the 120-day period would have stopped the running of that period until the suit was re-filed,
leaving available whatever days remained in the 120-day period. See id. at 68 n.10. 
The point was noteworthy, there, because the claimants had missed the 120-day
deadline by only one day.

          In the instant case, appellant non-suited his original claim on day 96 of the 120-day period. A year later, he re-filed the claim and then filed an expert report 93 days
later. Here, appellant seeks to completely re-start the 120-day period. Thus, the
holding in Mokkala, that “refiling a previously nonsuited health care liability claim
fails to restart the 120-day period,” is squarely applicable. See id. at 73.

          We conclude that the 120-day period for appellant to serve an expert report on
Dr. Foley was triggered when appellant filed his claim on July 14, 2005; that the 120-day period expired on November 11, 2005; and that appellant’s expert report, filed
over 17 months later, on January 4, 2007, was untimely. Because appellant failed to
timely serve Dr. Foley with an expert report, we hold that the trial court did not err
by dismissing with prejudice appellant’s claims against Dr. Foley, which was required
pursuant to section 74.351(b). See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)
(Vernon Supp. 2008).

Conclusion

          We affirm the judgment of the trial court.







                                                             Laura Carter Higley

                                                             Justice





Panel consists of Chief Justice Radack and Justices Nuchia and Higley.