Birdell **DAUGHTERY** and Leslie
Daughtery, individually and as Repre-
sentatives of the Estate of Reta
Daughtery, Deceased, Appellants,

v.

David **SCHIESSLER**, CRNA and
Abilene Diagnostic Clinic,
P.L.L.C., Appellees.

No. 11–06–00005–CV.

Court of Appeals of Texas,
Eastland.

May 17, 2007.

Monte J. White, Steven Douglas Floren-
dine, Monte J. White & Associates, P.C.,
Wichita Falls, for appellants.

Jeffrey R. Ross, Elizabeth Fraley, Fra-
ley & Fraley, L.L.P., Kevin A. Koudelka,
Jones, Carr, McGoldrick, L.L.P., Dallas,
for appellees.

Panel consists of WRIGHT, C.J.,
McCALL, J., and McCLOUD, S.J.*

**OPINION**

AUSTIN McCLOUD, Senior Justice
(Retired).

This appeal involves the dismissal of a
health care liability claim based upon the
plaintiffs' failure to provide an expert re-
port within the 120–day period mandated
by TEX. CIV. PRAC. & REM.CODE ANN.
§ 74.351 (Vernon Supp.2006). The issue is
whether the taking of a nonsuit affects the
time period within which to comply with
Section 74.351. The plaintiffs, Birdell
Daughtery and Leslie Daughtery, individu-
ally and as representatives of the Estate of
Reta Daughtery, deceased, filed suit
against David Schiessler, CRNA and Abi-
lene Diagnostic Clinic, P.L.L.C. (defen-
dants). After the plaintiffs took a nonsuit
and filed a second suit against the defen-
dants, the defendants filed a motion to
dismiss pursuant to Section 74.351. The
trial court granted the motion, dismissed
the case with prejudice, and awarded at-
torney's fees to the defendants in the
amount of $13,500.[1] The plaintiffs appeal
from the trial court's order of dismissal.
We affirm.

---

\* Austin McCloud, Retired Chief Justice, Court
of Appeals, 11th District of Texas at Eastland
sitting by assignment.

1. We note that the plaintiffs also sued ARMC,
L.P. d/b/a Abilene Regional Medical Center
and Triad–ARMC, L.L.C. and that the trial

court also dismissed these claims with preju-
dice and awarded $15,000 in attorneys' fees.
The plaintiffs' appeal as to the ARMC defen-
dants was dismissed by agreement of the par-
ties on July 13, 2006.

The plaintiffs present one issue on appeal contending that the trial court's order of dismissal should be reversed because (1) the trial court misinterpreted the plain meaning of Section 74.351; (2) the trial court failed to acknowledge the effect of the nonsuit; and (3) dismissal was an improper, excessive sanction. The plaintiffs argue specifically that they had a right to take a nonsuit, that the defendants failed to seek affirmative relief prior to the nonsuit, that the nonsuit extinguished the running of the 120–day period with respect to the first petition and caused the first suit to "legally 'vanish[ ],'" and that the filing of the second petition began the process anew.

We must review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001); *Kendrick v. Garcia,* 171 S.W.3d 698, 702–03 (Tex.App.-Eastland 2005, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840.

At the time this cause of action accrued,[2] Section 74.351 provided in relevant part:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted . . . .

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall . . . enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

The record in this case shows that the plaintiffs filed their first original petition on February 1, 2005, and that they nonsuited these claims 122 days later on June 3, 2005. At the time of the nonsuit, the plaintiffs had not provided an expert report and the defendants had not filed a motion to dismiss or a request for attorney's fees. Because the defendants had no pending claims for affirmative relief, the plaintiffs were entitled to take a nonsuit pursuant to Tex.R. Civ. P. 162. On July 5, 2005, the plaintiffs filed a second original petition that contained the same allegations as the first petition. On July 29, 2005, the defendants filed a motion to dismiss and requested statutory sanctions pursuant to Section 74.351 based upon the plaintiffs' failure to comply with the expert-report requirement within 120 days of filing the first petition. The plaintiffs sent their expert information to the defendants on August 24, 2005, within 120 days of

---

**2.** We note that the first sentence of subsection (a) has since been amended to substitute "the original petition was filed" for "the claim was filed."

filing their second petition. The trial court granted the defendants' motion on October 18, 2005.

We hold, as did the court in *Mokkala v. Mead,* 178 S.W.3d 66 (Tex.App.-Houston [14th Dist.] 2005, pet. denied), that the 120–day period in Section 74.351 does not recommence upon the refiling of a previously nonsuited claim. *See also Empowerment Options, Inc. v. Easley,* No. 09–06–00148–CV, 2006 WL 3239527 (Tex.App.-Beaumont Nov.9, 2006, pet. filed) (mem. op.). The 120–day period begins when the claim is first filed. To interpret Section 74.351 otherwise would thwart the legislature's intent in enacting that section. If we were to hold as the plaintiffs suggest, medical malpractice claimants would be able to file a petition, take a nonsuit anytime prior to the health care provider's filing of a motion to dismiss, file another petition, take another nonsuit, etc. until the running of limitations. We do not believe the legislature intended such a result.

Furthermore, we do not find any conflict between Rule 162 and Section 74.351. The plaintiffs availed themselves of the use of Rule 162 and took a nonsuit, as they had a right to do. Upon refiling, however, the plaintiffs subjected themselves to the legislative mandates regarding health care liability claims. Moreover, even if Rule 162 and Section 74.351 were in conflict, Section 74.351 would control. TEX. CIV. PRAC. & REM.CODE ANN. § 74.002(a) (Vernon 2005); *Moseley v. Behringer,* 184 S.W.3d 829, 834 (Tex.App.-Fort Worth 2006, no pet.); *see also Johnstone v. State,* 22 S.W.3d 408, 409 (Tex.2000).

Section 74.351(a) required that the plaintiffs serve the defendants with an expert report "not later than the 120th day after the date the claim was filed." The claim was filed on February 1, 2005, when the plaintiffs filed their first petition.

Thus, when the defendants filed their motion to dismiss more than 120 days after the date the claim was filed, the trial court had no discretion to do anything other than dismiss the case with prejudice and award attorney's fees as required by Section 74.351(b), which provides that the trial court "shall" dismiss with prejudice and award attorney's fees. The sanctions in this case, although harsh, were mandated by the legislature and were explicitly set out in Section 74.351 so that any health care liability claimant would be put on notice of the consequences for failing to timely provide an expert report. Therefore, we cannot hold that the dismissal was an improper or excessive sanction. We overrule the plaintiffs' issue.

The trial court's order is affirmed.