Donald RUNCIE, Individually and as Heir and Representative of the Estate of Dorothy Runcie, Deceased, Appellant,

v.

Richard J. FOLEY, M.D., Appellee.

No. 01–07–00998–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 2008.

Clay Dugas, Mike Jacobellis, Clay Dugas & Associates, Beaumont, TX, for Appellant.

Christopher G. King, Kacal, Adams & Law, P.C., Richard M. Law, McGlinchey Stafford, PLLC, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Donald Runcie, appeals an order dismissing with prejudice his health care liability suit against appellee, Richard J. Foley, M.D. In his sole issue, appellant contends that the trial court erred by dismissing his suit for failure to timely file an expert report, pursuant to Texas Civil Practice and Remedies Code section 74.351.[1]

We affirm.

1. The current version of Section 74.351(a) applies to a cause of action that accrued after

## Background

In August 2004, the decedent, Dorothy Runcie, who suffered from renal disease, sought dialysis treatment from Dr. Foley and Spring Dialysis, Inc. The decedent was refused treatment and subsequently died.

On July 14, 2005, appellant filed suit, as heir and representative of the estate, against Dr. Foley and Spring Dialysis, alleging medical negligence. Appellant did not file an expert report at that time. On October 18, 2005, appellant filed a non-suit of his claims without prejudice.

A year later, on October 3, 2006, appellant re-filed his suit against Dr. Foley and Spring Dialysis. Ninety-three days later, on January 4, 2007, appellant served Dr. Foley with the expert report of Dr. Allen I. Arieff.

On August 13, 2007, Dr. Foley moved to dismiss appellant's health care liability claim on the basis that appellant had failed to file an expert report within 120 days of filing his initial claim, as required by Civil Practice and Remedies Code section 74.351,[2] and citing *Mokkala v. Mead,* 178 S.W.3d 66 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). On October 12, 2007, after a hearing, the trial court granted the motion to dismiss with prejudice. This appeal ensued.[3]

## Timeliness of Expert Report

■ Appellant contends that the trial court erred by dismissing his health care liability claim with prejudice for failure to timely file an expert report. Specifically, appellant contends that by taking a non-suit of his claim prior to the expiration of the 120–day period for filing an expert report, that he was permitted, upon the re-filing of his claim, to restart the 120–day period. Appellant contends that, therefore, his expert report was timely because it was filed within 120 days of re-filing his claim.

### A. Standard of Review

■ We review a trial court's decision on a motion to dismiss a case for failure to comply with section 74.351 for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001) (applying abuse of discretion standard in review of trial court's decision to dismiss under predecessor statute, section 13(e) of article 4590i); *Torres v. Mem'l Hermann Hosp. Sys.,* 186 S.W.3d 43, 45 (Tex.App.-Houston [1st Dist.] 2005, no pet). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles when it dismisses a claim. *Torres,* 186 S.W.3d at 45. However, if resolution of the issue requires us to construe statutory language, we review under a de novo standard. *Id.*

The ruling under review in this case concerns a purely legal issue: whether section 74.351 allows a health-care-liability claimant to re-start the 120–day period for filing an expert report by taking a non-suit and then re-filing his claim. We review

September 1, 2005, the effective date of the amendments. Here, appellants' cause of action accrued prior to September 1, 2005. Accordingly, we apply the former version of section 74.351(a) in this case. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1–3, 2005 Tex. Gen. Laws 1590, 1590; *Clark v. TIRR Rehabilitation Ctr.,* 227 S.W.3d

256, 264 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

2. *See id.*

3. On December 19, 2007, the trial court granted appellant's Motion to Non–Suit Spring Dialysis, and Spring Dialysis is not a party to this appeal.

this question of law de novo. *See Intra-care Hosp. N. v. Campbell,* 222 S.W.3d 790, 794–95 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

## B. Analysis

At the time appellant's cause of action accrued, Civil Practice and Remedies Code section 74.351 provided, in relevant part, as follows:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. . . . [4]

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that: (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.[5]

Stated generally, section 74.351(a) requires a claimant to serve an expert report on a defendant health care provider, or its attorney, within 120 days after the date the claim is filed. If the claimant fails to timely comply, the trial court is required, on the motion of the affected health care provider, to dismiss the suit. A claimant may extend the 120–day period for serving an expert report by written agreement of the affected parties.[6]

■ Statutes must be construed as written and the legislative intent determined, when possible, from the express terms. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005); *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez,* 237 S.W.3d 869, 873 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). The term "claim," as used in section 74.351, "means a health care liability claim." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(2) (Vernon Supp.2008). A "health care liability claim" is a "cause of action," not a lawsuit. TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (Vernon 2005); *Mokkala,* 178 S.W.3d at 71. The legislative purpose is to remove unwarranted delay and expense, to accelerate the disposition of non-meritorious cases, and to give hard and fast deadlines for the serving of expert reports. *Campbell,* 222 S.W.3d at 797.

As applied, section 74.351(a) required appellant to serve an expert report on Dr. Foley "within 120 days after the date the claim was filed." If appellant failed to timely comply, the trial court was re-

---

4.  *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1–3, 2005 Tex. Gen. Laws 1590, 1590.

5.  TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon Supp.2008).

6.  *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1–3, 2005 Tex. Gen. Laws 1590, 1590.

quired, on the motion of Dr. Foley, to dismiss the suit.

The record shows that appellant filed his claim on July 14, 2005, alleging that Dr. Foley breached the standard of care with regard to the treatment of the decedent and that such breach was the proximate cause of the decedent's death. The 120–day period to serve the expert report was triggered on that date. Appellant non-suited his claim 96 days later, on October 18, 2005. At the time of the non-suit, appellant had not served Dr. Foley with an expert report. The 120–day period expired on November 11, 2005.

A year later, on October 3, 2006, appellant re-filed his claim, again alleging that Dr. Foley breached the standard of care with regard to the treatment of the decedent and that such breach was the proximate cause of the decedent's death. Appellant then filed an expert report 93 days later, on January 4, 2007. Appellant contends that the re-filing of his claim re-started the 120–day period to file his expert report and that, because he filed an expert report within 120 days of the re-filing of his claim, his report was timely served.

In *Mokkala v. Mead*, the court considered whether the claimants could re-start the 120–day period for serving an expert report by simply non-suiting their claims and refiling the same claims. 178 S.W.3d at 76. There, the claimants filed their original claim in 2003 and then non-suited their claim without having filed an expert report. *Id.* at 68. When the claimants re-filed the same claim in 2004, they filed an expert report. *Id.* The health care providers moved to dismiss the suit on the ground that the expert report and expert's curriculum vitae were untimely, having been served 121 and 122 days, respectively, after the filing of the original claim in 2003. *Id.* The health care providers ar-

gued that the non-suit and re-filing of the claim in 2004 did not have any effect on the 120–day period that was triggered by the 2003 claim. *Id.* at 69–70. The claimants argued that, by non-suiting their 2003 claim, they were returned to a position of having never filed the 2003 claim and that, essentially, all periods began anew. *Id.* at 70. The trial court denied the motion to dismiss. *Id.* at 68.

In reversing the trial court, the court examined the same version of the statute applicable to this case. The court determined that a "health care liability claim" is a "cause of action," not a lawsuit, and concluded that "the 120–day period is triggered on the date that the claimant files a petition alleging a particular health care liability claim, not the date she files another lawsuit asserting that same claim." *Id.* at 71. The court noted that the legislature had removed provisions of the prior statute that permitted a claimant to non-suit an action if the claimant failed to furnish an expert report within the required time. *Id.* at 73 n. 10. The court held that "refiling a previously nonsuited health care liability claim fails to restart the 120–day period." *Id.* at 73. The court reasoned that allowing a plaintiff to re-start the period for serving an expert report by non-suiting his claim and then subsequently re-filing the same claim effectively expands the expert report period well beyond 120 days, which is inconsistent with the policies and goals of the statute. *Id.* at 76; *see also Campbell*, 222 S.W.3d at 797. We agree.

Appellant contends that *Mokkala* is not dispositive in the instant case because, there, the claimants non-suited their claims after the expiration of the 120–day period; whereas, here, at the time appellant non-suited his claims, time remained in the 120–day period. Appellant stresses that the court acknowledged that it "need

not decide whether filing of a nonsuit before the expiration of the 120–day period would toll the 120 days for the period that elapses between the filing of the nonsuit and the refiling of the same health care liability claim." *Id.* at 68 n. 3. We disagree that *Mokkala* is distinguishable on this point.

Nothing in *Mokkala* suggests that its holding is based on the premise that, had the claimants non-suited their 2003 claim prior to the expiration of the 120–day period, they would have been able to completely re-start the 120–day period. To the contrary, the holding in *Mokkala* is that "refiling a previously non-suited health care liability claim fails to restart the 120–day period." *Id.* at 73. By footnote, the court simply recognized that, because the claimants' non-suit was filed after the expiration of the 120–day period, it need not consider whether a non-suit taken during the 120–day period would have stopped the running of that period until the suit was re-filed, leaving available whatever days remained in the 120–day period. *See id.* at 68 n. 10. The point was noteworthy, there, because the claimants had missed the 120–day deadline by only one day.

In the instant case, appellant non-suited his original claim on day 96 of the 120–day period. A year later, he re-filed the claim and then filed an expert report 93 days later. Here, appellant seeks to completely re-start the 120–day period. Thus, the holding in *Mokkala,* that "refiling a previously nonsuited health care liability claim fails to restart the 120–day period," is squarely applicable. *See id.* at 73.

We conclude that the 120–day period for appellant to serve an expert report on Dr. Foley was triggered when appellant filed his claim on July 14, 2005; that the 120–day period expired on November 11, 2005; and that appellant's expert report, filed over 17 months later, on January 4, 2007,

was untimely. Because appellant failed to timely serve Dr. Foley with an expert report, we hold that the trial court did not err by dismissing with prejudice appellant's claims against Dr. Foley, which was required pursuant to section 74.351(b). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon Supp.2008).

### Conclusion

We affirm the judgment of the trial court.