02-10-185-CV














 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00185-CV 

 

 


 
 
 Town Hall Estates - Arlington,
 Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Lucy Cannon
 
 
  
 
 
 APPELLEE 
 
 


 

 

------------

 

FROM THE
96th District Court OF Tarrant
COUNTY

------------

OPINION

----------

          This is an interlocutory appeal from
the trial court’s order denying Appellant Town Hall Estates – Arlington, Inc.’s
motion to dismiss Appellee Lucy Cannon’s healthcare liability claims for the
alleged failure to timely file an expert report.  See
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a) (Vernon Supp. 2010). 
Three days before her expert report was required to be served, Cannon nonsuited her healthcare liability suit against Town Hall
Estates.  She subsequently filed a new
lawsuit asserting the exact same healthcare liability claims against Town Hall
Estates and served it with an expert report and a curriculum
vitae.  The primary issue we address in
this appeal is whether, under the 2005 amendments to section 74.351, Cannon’s nonsuit restarted the 120-day statutory time period for her
to provide Town Hall Estates with an expert report.

          Cannon filed suit on May 8, 2009.  Her expert report was therefore required to
be served on or before September 5, 2009. 
She nonsuited her suit on September 3,
2009.  She refiled
her suit on February 5, 2010.  The first
and second suits are identical.  Cannon
served the expert report and a curriculum vitae on
Town Hall Estates on February 17, 2010.

The
parties agree that, prior to the 2005 amendments to section 74.351(a), the nonsuit of a healthcare
liability claim did not restart the 120-day period for serving an expert
report.  See,
e.g., Runcie v. Foley, 274 S.W.3d
232 (Tex. App.—Houston [1st Dist.] 2008, no pet.); Daughtery v. Schiessler,
229 S.W.3d 773 (Tex. App.—Eastland 2007, no pet.); Mokkala v. Mead,
178 S.W.3d 66 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  In 2005, the legislature amended section
74.351(a) so that instead of reading, “a claimant shall, not later than the
120th day after the date the claim was
filed, serve on each party or the party’s attorney one or more expert
reports,”[1] it now
reads, “a claimant shall, not later than the 120th day after the date the original petition was filed, serve
on each party or the party’s attorney one or more expert reports.”  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (emphasis
added).  Cannon claims that this change
of wording in the statute means that the 120-day time period to serve an expert
report runs from the filing of an original petition, regardless of whether the
suit has been previously nonsuited.  Town Hall Estates argues that the change in
wording, as evidenced by legislative history, was simply to clarify that the
120-day time period did not run from the date of service of the statutorily
required notice letter.

This
appeal turns solely on the construction of section 74.351(a).  Statutory construction is a matter of law,
subject to de novo review.  City of Rockwall v. Hughes,
246 S.W.3d 621, 625 (Tex. 2008).  Our
primary objective in statutory construction is to give effect to the
legislature’s intent.  See State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006).

We
consider the words of the statute in context, not in isolation.  State ex rel. State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  We rely on the plain meaning of the text
unless a different meaning is supplied by legislative definition or is apparent
from context or unless such a construction leads to absurd results.  City of
Rockwall, 246 S.W.3d at 625–26; see
also Tex. Gov’t Code Ann. § 311.011 (Vernon 2005)
(“Words and phrases shall be read in context and construed according to the rules
of grammar and common usage.”).  We
should also read every word, phrase, and expression in a statute as if it were
deliberately chosen and likewise presume that words excluded from the statute
are done so purposefully.  See Cameron v. Terrell
& Garrett, Inc., 618 S.W.2d 535, 540
(Tex. 1981).  We also presume that “the
entire statute is intended to be effective” and that “a just and reasonable
result is intended,” Tex. Gov’t Code Ann. § 311.021(2),
(3) (Vernon 2005), and we consider such matters as the “object sought to be
attained,” “circumstances under which the statute was enacted,” “legislative
history,” and “consequences of a particular construction.”  Id. § 311.023(1), (2), (3), (5) (Vernon 2005).

Cannon
is correct that no cases exist construing the impact of a Texas Rule of Civil
Procedure 162 nonsuit on the 2005 version of section
74.351(a). But, applying rules of statutory construction to the 2005 version of
74.351(a), we cannot agree that the change in the statute’s language from
“claim” to “original petition” alters the statute in the way propounded by
Cannon.  First, the plain language of the
statute requires service of an expert report within 120 days of the filing of
an original petition.  Tex.
Civ. Prac. & Rem. Code
Ann. § 74.351(a). Cannon filed an original petition on May 8, 2009.  Under the plain language of the statute, her
expert report was therefore required to be served by September 5, 2009.  Nothing in the statute purports to alter this
deadline.  See Tex. Gov’t Code Ann. § 311.011
(requiring us to give statutory language its plain meaning).  Second, legislative history on the amendment
demonstrates that the legislative intent in the change was to clarify that the
time for serving an expert report ran from the filing of suit, not from the
date of an insurance “claim.”  See Hayes v. Carroll, 314 S.W.3d 494,
499–502 (Tex. App.—Austin 2010, no pet.) (setting
forth bill analysis and noting that “primary purpose of the amendment was to
clarify that the 120-day report deadline did not run from the date of the
statutory notice letter” and that secondary purpose was to have the 120-day
report deadline “triggered by the filing of the lawsuit”).  Thus, neither legislative intent nor
legislative history supports Cannon’s construction of the provision.  See Tex.
Gov’t Code Ann. § 311.023(3) (authorizing us to
consider legislative history in construing statute).  Third, a predecessor statute to section 74.351(a)[2]
contained a provision expressly authorizing a plaintiff to file a nonsuit to avoid missing the deadline for serving an expert
report; that provision was omitted from the current statute.  See
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351.  Presuming, as we
must, that the legislature purposefully chose to exclude the nonsuit provision from the current version of the statute,
we cannot judicially rewrite the statute to include such a provision.  See Cameron, 618 S.W.2d at 540 (explaining that “every word
excluded from a statute must also be presumed to have been excluded for a
purpose”).  Fourth, the objects
sought to be obtained by the statute—that is, to reduce the frequency of healthcare
liability claims, to decrease the costs of those claims, and to ensure that
awards are related to actual damages—does not support the construction of the
statute urged by Cannon.  To permit a
claimant to file and nonsuit a suit asserting a healthcare
liability claim as many times as he or she wanted within the statute of
limitations and to avoid serving an expert report so long as each nonsuit occurred prior to the 120th day after the filing of
the most recent petition would thwart these purposes.  See Tex.
Gov’t Code Ann. § 311.023(1) (authorizing us to consider
the object sought to be obtained by the statute).  And finally, fifth, such a construction would
be absurd because it would essentially rewrite the statute to eliminate the
120-day expert report deadline so long as a plaintiff repeatedly filed a nonsuit within 120 days of filing suit.  See id.
§ 311.023(5) (authorizing us to consider the consequences of a particular
construction in construing a statute). 
We hold that a claimant who nonsuits healthcare
liability claims asserted against a particular healthcare provider and
subsequently refiles the same healthcare liability
claims against the same healthcare provider does not restart the 120-day time period
for the service of an expert report and a curriculum vitae on that healthcare
provider.  For these reasons, the trial
court abused its discretion by denying Town Hall Estates’s
motion to dismiss.

We
sustain Town Hall Estates’s sole issue.  We reverse the trial court’s order denying
Town Hall Estates’s motion to dismiss and remand this
case to the trial court for Cannon’s healthcare liability claims asserted
against Town Hall Estates to be dismissed and for a hearing on attorneys’ fees
to be held as required by section 74.351 (b)(1) of the Texas Civil Practice and
Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b)(1) (Vernon Supp. 2010).  See
Tex. R. App. P. 43.2(d).

 

 

 

SUE WALKER
JUSTICE

 

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

 

DELIVERED:  December 16, 2010











[1]See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex.
Gen. Laws 847, 875 (amended 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)) (emphasis added).





[2]See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)
(repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884).