# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00324-CV

**Donald R. Davis, M.D., Appellant**

**v.**

**Alysa Baker, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-09-003794, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellee Alysa Baker filed suit against appellant Donald R. Davis, M.D., alleging health-care liability claims arising from a surgical procedure he performed on her hand in August 2007. Davis sought dismissal of the suit under chapter 74 of the civil practice and remedies code, based on Baker's alleged failure to timely file and serve the medical expert report required by that chapter. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2010). The trial court denied Davis's motion to dismiss, and Davis now appeals. We will reverse the trial court's order, render judgment that Baker's suit be dismissed with prejudice, and remand the cause to the trial court for a determination of the amount of attorney's fees to be awarded to Davis.

### FACTUAL AND PROCEDURAL BACKGROUND

The procedural facts leading up to the trial court's ruling are not in dispute. On June 18, 2009, Baker filed her original petition in cause number 09-003794 ("the first suit"), alleging

that Davis's negligence had proximately caused the severance of her ulnar nerve, resulting in numbness in two of her fingers and half of her hand. Section 74.351 of the civil practice and remedies code required her to serve a medical expert report no later than October 16, 2009, or 120 days after she filed her claim. *See id.* § 74.351(a) ("In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."). Baker failed to serve the report by the deadline. Instead, on October 28, 2009—the 132nd day after she filed suit—Baker voluntarily nonsuited all of her claims against Davis. At the time of the nonsuit, Davis had not filed a motion to dismiss or request for attorney's fees. *See id.* § 74.351(b)(2) (providing that, on motion of affected physician, trial court must dismiss claim with prejudice and award physician his attorney's fees and costs if expert report is not served within period specified by subsection (a)).

On November 4, 2009, seven days after the nonsuit, Baker filed the instant suit ("the second suit") alleging health-care liability claims against Davis arising out of the same incident that was the subject of the first suit. She served Davis with the required expert report on November 12, 2009. On December 3, 2009, Davis filed and served his objection to the report and a motion to dismiss, arguing that Baker's suit should be dismissed with prejudice because the expert report was filed 147 days after the filing of the original petition in the first suit. *See id.*; *see also id.* § 74.351(a) ("Each defendant physician or health care provider whose conduct is

2

implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.").

The trial court denied Davis's motion to dismiss, and he filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West 2008).

## STANDARD OF REVIEW

We review all rulings under section 74.351 for an abuse of discretion. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *American Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Wright*, 79 S.W.3d at 52 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of its discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). In deciding what law applies—even if that area of law is unsettled—or in applying the law to the facts of a case, the trial court has no discretion. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004).

## DISCUSSION

The primary issue in this case is whether the refiling of Baker's health-care liability claims against Davis, following voluntary nonsuit of the first suit in which she alleged these claims, served to restart the 120-day time period in which she was required to serve her expert report. Also at issue is whether Davis's failure to file a motion to dismiss Baker's claims before the trial court's plenary power over the first suit expired amounts to waiver of his right to statutory dismissal under

3

section 74.351. That section provides that if a claimant fails to file an expert report within the 120-day period,

> the court, on the motion of the affected physician or health care provider, shall, subject to [an extension of time for a deficient report], enter an order that:
>
> > (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
> >
> > (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).

Although this Court has not yet had occasion to address the question, several other courts of appeals have held that a plaintiff in a health-care liability suit cannot restart the mandatory 120-day deadline by nonsuiting and refiling the same claims against the same defendant, amending the petition to assert the same claims against the same defendant, or amending the petition to add additional health-care liability claims to those already asserted against a defendant. *See Mokkala v. Mead*, 178 S.W.3d 66, 68 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (leading case refusing to allow plaintiff to restart 120-day period by nonsuit and refiling of health-care liability claim, as doing so would be inconsistent with policies, goals, and provisions of statute); *see also Lone Star HMA, L.P. v. Wheeler*, 292 S.W.3d 812, 816 (Tex. App.—Dallas 2009, no pet.); *White v. Baylor All Saints Med. Ctr.*, No. 07-08-0023-CV, 2009 WL 1361612, at *1 (Tex. App.—Amarillo May 13, 2009, pet. denied) (mem. op.); *Runcie v. Foley*, 274 S.W.3d 232, 235 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Outpatient Ctr. for Interventional Pain Mgmt., P.A. v. Garza*,

Nos. 13-07-00411-CV & 13-07-00762-CV, 2008 WL 2525609, at *5 (Tex. App.—Corpus Christi June 26, 2008, no pet.) (mem. op.); *Care Ctr., Ltd. v. Sutton*, No. 09-07-469-CV, 2008 WL 1745862, at *4-6 (Tex. App.—Beaumont Apr. 17, 2008, pet. denied) (mem. op.); *Toro v. Alaniz*, No. 04-06-00814-CV, 2008 WL 1200122, at *1-2 (Tex. App.—San Antonio Apr. 25, 2007, no pet.) (mem. op.); *Maxwell v. Seifert*, 237 S.W.3d 423, 426 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Daughtery v. Schiessler*, 229 S.W.3d 773, 775 (Tex. App.—Eastland 2007, no pet.). In each of these cases, the court determined that dismissal was the mandatory consequence for failing to comply with the statutory 120-day deadline, despite the plaintiff's efforts to restart the time period for serving the required report through nonsuit or amendment of his pleadings.

We agree that this result is mandated by the plain language of the statute and the policies behind its enactment. *See Wheeler*, 292 S.W.3d at 816 (purpose of section 74.351 was to "remove unwarranted delay and expense, to accelerate disposition of non-meritorious cases, and to give hard-and-fast deadlines for the serving of expert reports"). As the *Daughtery* court explained,

> To interpret Section 74.351 otherwise would thwart the legislature's intent in enacting that section. If we were to hold as the plaintiffs suggest, medical malpractice claimants would be able to file a petition, take a nonsuit anytime prior to the health care provider's filing of a motion to dismiss, file another petition, take another nonsuit, etc. until the running of limitations. We do not believe the legislature intended such a result.

229 S.W.3d at 775.

Notwithstanding the statutory directive, Baker argues that Davis waived his right to dismissal by failing to file a motion to dismiss before she nonsuited her claims. In other words, she suggests that Davis was required to raise the issue during the 12-day window between the original

5

October 16 deadline for filing her expert report and October 28, the date of the nonsuit. We disagree. As Davis points out, section 74.351 imposes no deadline for the filing of a motion to dismiss. *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (construing predecessor statute). *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2), *with id.* § 74.351(a) (establishing 21-day deadline for filing objections to sufficiency of expert report). It would be improper for this Court to imply a deadline for the physician or health-care provider to object to the untimeliness of an expert report when the legislature has omitted any such provision. *See Bexar Metro. Water Dist. v. Texas Comm'n on Envtl. Quality*, 185 S.W.3d 546, 551 (Tex. App.—Austin 2006, pet. denied) ("[E]very word excluded from the statute must be presumed to have been excluded for a purpose.").

Moreover, there can be no waiver of a right "if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right." *Jernigan*, 111 S.W.3d at 156. Because Baker's nonsuit was immediately effective when it was filed and rendered the merits of her claim moot, *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010), not only was Davis not obligated to file a motion to dismiss at that point, he had no reason to. Davis's failure to file a gratuitous motion cannot reasonably be construed as the intentional relinquishment of his right to have the suit dismissed. Notably, the Texas Supreme Court held in *Jernigan* that the defendant physician's delay in moving for dismissal until 600 days after he received the expert reports did not constitute waiver of his right to statutory dismissal. *Id.* at 157-58.

Nor are we persuaded that the Texas Supreme Court's recent decision in *Crites v. Collins* mandates a different result or undermines the rationale supporting the *Mokkola* line of

6

cases. *See* 284 S.W.3d 839 (Tex. 2009) (per curiam). Baker relies on *Crites* for the proposition that by not filing a motion to dismiss during the trial court's plenary jurisdiction over the first suit, Davis is barred from complaining in the second suit that she failed to timely serve an expert report. This reliance is misplaced. *Crites* merely clarified that as long as a motion for sanctions under chapter 74 is filed within the trial court's plenary jurisdiction, the motion "survives a nonsuit, regardless of whether the movant brings the motion before or after the nonsuit." *Id.* at 843 (citing *Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008)). In that case, the plaintiffs nonsuited their claims two weeks after the expiration of the 120-day deadline; on the next business day following nonsuit, the defendant filed his motion to dismiss. *Id.* at 841. The trial court denied the motion and the court of appeals affirmed, reasoning that the nonsuit mooted the pending motion to dismiss because, under former article 4590i (the predecessor to section 74.351), a plaintiff could avoid sanctions if he or she nonsuited before the defendant requested them. *Id.* at 842-43. The Texas Supreme Court disagreed, emphasizing that the legislature had removed the reference to the option of filing a nonsuit that had existed in the prior version of the statute, while retaining the mandatory sanctions provision if a plaintiff fails to file an expert report by the statutory deadline. *Id.* at 843. Reaffirming its holding in *Villafani*, the court concluded that a plaintiff's right to nonsuit under rule of civil procedure 162 "does not affect . . . a pending sanctions motion" because it does not limit the trial court's power to act on such a motion. *Id.* Here, however, there is no dispute that Davis's motion to dismiss was filed within the trial court's plenary power over the suit he sought to dismiss—i.e., the second suit. Therefore, the instant case presents no conflict with *Crites*.

7

Baker further argues that we should decline to follow the rule in *Mokkola* because it was decided under the 2003 version of section 74.351(a), which used "claim" where the current statute uses "original petition." *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590. By changing the statutory language from "claim" to "original petition" in 2005, Baker argues, "the legislature eliminated the distinction upon which the *Mokkala* court relied to hold that a rule 162 nonsuit could not be used to reset the 120-day expert report deadline."[1] The Texas Supreme Court, however, has rejected the argument that the amendment to the statute changed its meaning. *See Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) ("[W]e see nothing in the slight change in the statute's language to indicate that a different meaning was intended."). As this Court recently explained in great depth in *Hayes v. Carroll*,

> the legislative history indicates that the amendment was intended to clarify that the statutory notice letter did not trigger the 120-day reporting period and the period was triggered by the filing of a petition in court. No mention is made in the legislative history that the legislature was intending to create a significant substantive change to the law on when health care liability claims are extinguished.

314 S.W.3d 494, 502 (Tex. App.—Austin 2010, no pet.) (citing House Comm. On Civil Practices, Tex. H.B. 2645, 78th Leg., R.S. (2005); Sen. Comm. on State Affairs, Tex. H.B. 2645, 78th Leg., R.S. (2005)). In examining that history, we noted that, because "the amendment was intended to

---

[1] In *Mokkola v. Mead*, the court of appeals emphasized that the deadline is triggered not by the filing of a *lawsuit* against a defendant but by the first allegation of a *health-care liability claim* against that defendant. 178 S.W.3d 66, 71 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Therefore, the court concluded, "under the plain language of section 74.351(a), the 120-day period is triggered on the date the claimant files a petition alleging a particular health care liability claim, not the date she files another lawsuit asserting that same claim." *Id.* Thus, the court determined that nonsuit and subsequent refiling past the 120-day deadline was barred by the statute. *Id.*

make the filing of a lawsuit the demarcation event for starting the 120-day report deadline," it is the original or first petition bringing a lawsuit *as to that defendant*—regardless of how it is styled—that triggers the 120-day deadline. *Id.* at 500. Applying those principles here, it is clear that the original or first petition in which Baker asserted health-care liability claims against Davis was the petition filed in the "first suit" on June 18, 2009. Consequently, Baker's expert report, filed November 12, 2009, was untimely. We therefore hold that the trial court abused its discretion in denying Davis's motion to dismiss, and we sustain Davis's issue on appeal.

## CONCLUSION

We reverse the trial court's order denying Davis's motion to dismiss, render judgment that Baker's suit be dismissed with prejudice, and remand the cause to the trial court for determination of Davis's reasonable attorney's fees.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered in part; Reversed and Remanded in part

Filed: December 22, 2010

9