TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00324-CV






Donald R. Davis, M.D., Appellant


v.


Alysa Baker, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-09-003794, HONORABLE RHONDA HURLEY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 Appellee Alysa Baker filed suit against appellant Donald R. Davis, M.D., alleging
health-care liability claims arising from a surgical procedure he performed on her hand in
August 2007. Davis sought dismissal of the suit under chapter 74 of the civil practice and remedies
code, based on Baker's alleged failure to timely file and serve the medical expert report required by
that chapter. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2010). The trial court
denied Davis's motion to dismiss, and Davis now appeals. We will reverse the trial court's order,
render judgment that Baker's suit be dismissed with prejudice, and remand the cause to the trial court
for a determination of the amount of attorney's fees to be awarded to Davis.


FACTUAL AND PROCEDURAL BACKGROUND

 The procedural facts leading up to the trial court's ruling are not in dispute. On
June 18, 2009, Baker filed her original petition in cause number 09-003794 ("the first suit"), alleging
that Davis's negligence had proximately caused the severance of her ulnar nerve, resulting in
numbness in two of her fingers and half of her hand. Section 74.351 of the civil practice and
remedies code required her to serve a medical expert report no later than October 16, 2009, or
120 days after she filed her claim. See id. § 74.351(a) ("In a health care liability claim, a claimant
shall, not later than the 120th day after the date the original petition was filed, serve on each party
or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in
the report for each physician or health care provider against whom a liability claim is asserted."). 
Baker failed to serve the report by the deadline. Instead, on October 28, 2009--the 132nd day after
she filed suit--Baker voluntarily nonsuited all of her claims against Davis. At the time of the
nonsuit, Davis had not filed a motion to dismiss or request for attorney's fees. See id. § 74.351(b)(2)
(providing that, on motion of affected physician, trial court must dismiss claim with prejudice and
award physician his attorney's fees and costs if expert report is not served within period specified
by subsection (a)).

 On November 4, 2009, seven days after the nonsuit, Baker filed the instant suit ("the
second suit") alleging health-care liability claims against Davis arising out of the same incident
that was the subject of the first suit. She served Davis with the required expert report on
November 12, 2009. On December 3, 2009, Davis filed and served his objection to the report and
a motion to dismiss, arguing that Baker's suit should be dismissed with prejudice because the
expert report was filed 147 days after the filing of the original petition in the first suit. See id.;
see also id. § 74.351(a) ("Each defendant physician or health care provider whose conduct is
implicated in a report must file and serve any objection to the sufficiency of the report not later than
the 21st day after the date it was served, failing which all objections are waived.").

 The trial court denied Davis's motion to dismiss, and he filed this interlocutory
appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West 2008).


STANDARD OF REVIEW

 We review all rulings under section 74.351 for an abuse of discretion. See Bowie
Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); American Transitional Care Ctrs.
v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001). A trial court abuses its discretion if it acts in an
arbitrary or unreasonable manner or without reference to any guiding rules or principles. Wright,
79 S.W.3d at 52 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985)). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse
of its discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). In deciding what law
applies--even if that area of law is unsettled--or in applying the law to the facts of a case, the
trial court has no discretion. In re Prudential Ins. Co., 148 S.W.3d 124, 135 (Tex. 2004).


DISCUSSION

 The primary issue in this case is whether the refiling of Baker's health-care liability
claims against Davis, following voluntary nonsuit of the first suit in which she alleged these claims,
served to restart the 120-day time period in which she was required to serve her expert report. Also
at issue is whether Davis's failure to file a motion to dismiss Baker's claims before the trial court's
plenary power over the first suit expired amounts to waiver of his right to statutory dismissal under
section 74.351. That section provides that if a claimant fails to file an expert report within the
120-day period,


the court, on the motion of the affected physician or health care provider, shall,
subject to [an extension of time for a deficient report], enter an order that:


 (1) awards to the affected physician or health care provider reasonable
attorney's fees and costs of court incurred by the physician or health care
provider; and


 (2) dismisses the claim with respect to the physician or health care provider,
with prejudice to the refiling of the claim.



Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).

 Although this Court has not yet had occasion to address the question, several other
courts of appeals have held that a plaintiff in a health-care liability suit cannot restart the mandatory
120-day deadline by nonsuiting and refiling the same claims against the same defendant, amending
the petition to assert the same claims against the same defendant, or amending the petition to add
additional health-care liability claims to those already asserted against a defendant. See Mokkala
v. Mead, 178 S.W.3d 66, 68 (Tex. App.--Houston [14th Dist.] 2005, pet. denied) (leading case
refusing to allow plaintiff to restart 120-day period by nonsuit and refiling of health-care liability
claim, as doing so would be inconsistent with policies, goals, and provisions of statute); see also
Lone Star HMA, L.P. v. Wheeler, 292 S.W.3d 812, 816 (Tex. App.--Dallas 2009, no pet.); White
v. Baylor All Saints Med. Ctr., No. 07-08-0023-CV, 2009 WL 1361612, at *1 (Tex. App.--Amarillo
May 13, 2009, pet. denied) (mem. op.); Runcie v. Foley, 274 S.W.3d 232, 235 (Tex. App.--Houston
[1st Dist.] 2008, no pet.); Outpatient Ctr. for Interventional Pain Mgmt., P.A. v. Garza,
Nos. 13-07-00411-CV & 13-07-00762-CV, 2008 WL 2525609, at *5 (Tex. App.--Corpus Christi
June 26, 2008, no pet.) (mem. op.); Care Ctr., Ltd. v. Sutton, No. 09-07-469-CV, 2008 WL 1745862,
at *4-6 (Tex. App.--Beaumont Apr. 17, 2008, pet. denied) (mem. op.); Toro v. Alaniz,
No. 04-06-00814-CV, 2008 WL 1200122, at *1-2 (Tex. App.--San Antonio Apr. 25, 2007, no pet.)
(mem. op.); Maxwell v. Seifert, 237 S.W.3d 423, 426 (Tex. App.--Houston [14th Dist.] 2007, pet.
denied); Daughtery v. Schiessler, 229 S.W.3d 773, 775 (Tex. App.--Eastland 2007, no pet.). In each
of these cases, the court determined that dismissal was the mandatory consequence for failing to
comply with the statutory 120-day deadline, despite the plaintiff's efforts to restart the time period
for serving the required report through nonsuit or amendment of his pleadings.

 We agree that this result is mandated by the plain language of the statute and the
policies behind its enactment. See Wheeler, 292 S.W.3d at 816 (purpose of section 74.351 was to
"remove unwarranted delay and expense, to accelerate disposition of non-meritorious cases, and to
give hard-and-fast deadlines for the serving of expert reports"). As the Daughtery court explained,


To interpret Section 74.351 otherwise would thwart the legislature's intent in
enacting that section. If we were to hold as the plaintiffs suggest, medical
malpractice claimants would be able to file a petition, take a nonsuit anytime prior
to the health care provider's filing of a motion to dismiss, file another petition, take
another nonsuit, etc. until the running of limitations. We do not believe the
legislature intended such a result.



229 S.W.3d at 775.

 Notwithstanding the statutory directive, Baker argues that Davis waived his right to
dismissal by failing to file a motion to dismiss before she nonsuited her claims. In other words, she
suggests that Davis was required to raise the issue during the 12-day window between the original
October 16 deadline for filing her expert report and October 28, the date of the nonsuit. We
disagree. As Davis points out, section 74.351 imposes no deadline for the filing of a motion to
dismiss. See Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex. 2003) (construing predecessor statute). 
Compare Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2), with id. § 74.351(a) (establishing
21-day deadline for filing objections to sufficiency of expert report). It would be improper for this
Court to imply a deadline for the physician or health-care provider to object to the untimeliness of
an expert report when the legislature has omitted any such provision. See Bexar Metro. Water Dist. 
v. Texas Comm'n on Envtl. Quality, 185 S.W.3d 546, 551 (Tex. App.--Austin 2006, pet. denied)
("[E]very word excluded from the statute must be presumed to have been excluded for a purpose.").

 Moreover, there can be no waiver of a right "if the person sought to be charged with
waiver says or does nothing inconsistent with an intent to rely upon such right." Jernigan,
111 S.W.3d at 156. Because Baker's nonsuit was immediately effective when it was filed and
rendered the merits of her claim moot, see Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862
(Tex. 2010), not only was Davis not obligated to file a motion to dismiss at that point, he had no
reason to. Davis's failure to file a gratuitous motion cannot reasonably be construed as the
intentional relinquishment of his right to have the suit dismissed. Notably, the Texas Supreme Court
held in Jernigan that the defendant physician's delay in moving for dismissal until 600 days after
he received the expert reports did not constitute waiver of his right to statutory dismissal. 
Id. at 157-58.

 Nor are we persuaded that the Texas Supreme Court's recent decision in Crites
v. Collins mandates a different result or undermines the rationale supporting the Mokkola line of
cases. See 284 S.W.3d 839 (Tex. 2009) (per curiam). Baker relies on Crites for the proposition that
by not filing a motion to dismiss during the trial court's plenary jurisdiction over the first suit, Davis
is barred from complaining in the second suit that she failed to timely serve an expert report. This
reliance is misplaced. Crites merely clarified that as long as a motion for sanctions under chapter 74
is filed within the trial court's plenary jurisdiction, the motion "survives a nonsuit, regardless of
whether the movant brings the motion before or after the nonsuit." Id. at 843 (citing Villafani
v. Trejo, 251 S.W.3d 466, 468 (Tex. 2008)). In that case, the plaintiffs nonsuited their claims
two weeks after the expiration of the 120-day deadline; on the next business day following nonsuit,
the defendant filed his motion to dismiss. Id. at 841. The trial court denied the motion and the court
of appeals affirmed, reasoning that the nonsuit mooted the pending motion to dismiss because, under
former article 4590i (the predecessor to section 74.351), a plaintiff could avoid sanctions if he or she
nonsuited before the defendant requested them. Id. at 842-43. The Texas Supreme Court disagreed,
emphasizing that the legislature had removed the reference to the option of filing a nonsuit that had
existed in the prior version of the statute, while retaining the mandatory sanctions provision if a
plaintiff fails to file an expert report by the statutory deadline. Id. at 843. Reaffirming its
holding in Villafani, the court concluded that a plaintiff's right to nonsuit under rule of civil
procedure 162 "does not affect . . . a pending sanctions motion" because it does not limit the
trial court's power to act on such a motion. Id. Here, however, there is no dispute that Davis's
motion to dismiss was filed within the trial court's plenary power over the suit he sought to
dismiss--i.e., the second suit. Therefore, the instant case presents no conflict with Crites.

 Baker further argues that we should decline to follow the rule in Mokkola because it
was decided under the 2003 version of section 74.351(a), which used "claim" where the
current statute uses "original petition." See Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1,
2005 Tex. Gen. Laws 1590. By changing the statutory language from "claim" to "original petition"
in 2005, Baker argues, "the legislature eliminated the distinction upon which the Mokkala court
relied to hold that a rule 162 nonsuit could not be used to reset the 120-day expert report deadline." (1) 
The Texas Supreme Court, however, has rejected the argument that the amendment to the statute
changed its meaning. See Leland v. Brandal, 257 S.W.3d 204, 206 (Tex. 2008) ("[W]e see nothing
in the slight change in the statute's language to indicate that a different meaning was intended."). 
As this Court recently explained in great depth in Hayes v. Carroll,


the legislative history indicates that the amendment was intended to clarify that the
statutory notice letter did not trigger the 120-day reporting period and the period was
triggered by the filing of a petition in court. No mention is made in the legislative
history that the legislature was intending to create a significant substantive change
to the law on when health care liability claims are extinguished.



314 S.W.3d 494, 502 (Tex. App.--Austin 2010, no pet.) (citing House Comm. On Civil Practices,
Tex. H.B. 2645, 78th Leg., R.S. (2005); Sen. Comm. on State Affairs, Tex. H.B. 2645, 78th Leg.,
R.S. (2005)). In examining that history, we noted that, because "the amendment was intended to
make the filing of a lawsuit the demarcation event for starting the 120-day report deadline," it is the
original or first petition bringing a lawsuit as to that defendant--regardless of how it is styled--that
triggers the 120-day deadline. Id. at 500. Applying those principles here, it is clear that the
original or first petition in which Baker asserted health-care liability claims against Davis was
the petition filed in the "first suit" on June 18, 2009. Consequently, Baker's expert report, filed
November 12, 2009, was untimely. We therefore hold that the trial court abused its discretion in
denying Davis's motion to dismiss, and we sustain Davis's issue on appeal.


CONCLUSION

 We reverse the trial court's order denying Davis's motion to dismiss, render judgment
that Baker's suit be dismissed with prejudice, and remand the cause to the trial court for
determination of Davis's reasonable attorney's fees.



 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered in part; Reversed and Remanded in part

Filed: December 22, 2010
1. In Mokkola v. Mead, the court of appeals emphasized that the deadline is triggered not by
the filing of a lawsuit against a defendant but by the first allegation of a health-care liability claim
against that defendant. 178 S.W.3d 66, 71 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). 
Therefore, the court concluded, "under the plain language of section 74.351(a), the 120-day period
is triggered on the date the claimant files a petition alleging a particular health care liability claim,
not the date she files another lawsuit asserting that same claim." Id. Thus, the court determined that
nonsuit and subsequent refiling past the 120-day deadline was barred by the statute. Id.